**STATE of Utah, Plaintiff and Appellee,**

v.

**Vaughn HUMPHREY, Defendant and Appellant.**

**STATE of Utah, Plaintiff and Appellee,**

v.

**Harry Jamar GORDON, Defendant and Appellant.**

Nos. 890424–CA, 890130–CA.

Court of Appeals of Utah.

June 14, 1990.

Elizabeth Bowman, Elizabeth Holbrook (argued), Salt Lake City, Salt Lake Legal Defender Ass'n, for defendant and appellant, Humphrey.

James C. Bradshaw, Elizabeth Holbrook (argued), Salt Lake City, Salt Lake Legal Defender Ass'n, for defendant and appellant, Gordon.

R. Paul Van Dam, Atty. Gen., Sandra Sjogren (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee the State.

## OPINION

Before BILLINGS, GARFF and GREENWOOD, JJ.

BILLINGS, Judge:

We have consolidated two criminal, interlocutory appeals for decision as they present the identical legal issue. Appellants Vaughn Humphrey ("Humphrey") and Harry Jamar Gordon ("Gordon") appeal from two separate decisions of a district court wherein the trial judge concluded the district court did not have jurisdiction to review defendants' bindover orders from circuit court. We affirm.

Humphrey was charged with sixteen second or third degree felonies. Gordon was charged with manslaughter, a second degree felony. In both cases, the circuit court held preliminary hearings and bound defendants over for trial. Both defendants were ultimately arraigned before the district court.

Subsequently, Humphrey and Gordon each filed a "motion to quash" his respective bindover in district court, alleging the state had failed to establish probable cause that he had committed the crimes with which he was charged. In response, the state argued the district court had no jurisdiction to consider defendants' motions. The district courts concluded defendants were, in substance, seeking an appellate review on the record of the circuit courts' bindover orders and that jurisdiction of these interlocutory appeals was vested in the Utah Court of Appeals, not the district court. Humphrey and Gordon then filed these interlocutory appeals.

This consolidated opinion requires us to determine whether the district courts properly declined to exercise jurisdiction. This presents a question of law and thus we accord no deference to the trial courts' conclusions, but review them under a "correctness" standard. *City of Monticello v. Christensen*, 788 P.2d 513, 516 (Utah 1990).

To resolve this jurisdictional question, we review the recent constitutional and statutory changes in the jurisdiction of the district courts and the contemporaneous provisions which created the Utah Court of Appeals. As such, we are faced with an issue of first impression.

## ORIGINAL JURISDICTION

■ Initially, defendants argue their motions to quash their bindover orders invoked the district court's original jurisdiction.

Article VIII, section 5 of the Utah Constitution currently provides, in pertinent part:

> The district court shall have original jurisdiction in all matters except as limited by this constitution or by statute, and power to issue all extraordinary writs.

Utah Const. art. VIII, § 5.

The district courts are given broad original jurisdiction by the Utah Constitution limited only by specific constitutional or statutory provisions. Statutory reference to the district court's original jurisdiction does not limit its broad jurisdiction.

Utah Code Ann. § 78–3–4 (1989) provides: "The district court has original jurisdiction in all matters civil and criminal...." *Id.* at § 78–3–4(1). We disagree that the defendants' motions to quash their bindover orders invoked the original jurisdiction of the district courts.

The Utah Supreme Court recently dealt with the issue of what constitutes an appeal. Although the supreme court held that the constitutional right to an appeal is satisfied by a statutory trial de novo in a court of record, *City of Monticello v. Christensen*, 788 P.2d 513, 516 (Utah 1990), its decision does not refute the standard rule that "appellate jurisdiction is the authority to review the action or judgments of an inferior tribunal upon the record made in that tribunal and to affirm, modify or reverse." *Peatross v. Board of Comm'rs*, 555 P.2d 281, 284 (Utah 1976); *see also Christensen*, 788 P.2d at 520 (Durham, J., dissenting). Defendants requested

the district courts to review their bindover orders upon the record and requested the orders be reversed on the basis of insufficiency of the evidence. This review falls squarely within the classic definition of an appeal.

Furthermore, the Utah Supreme Court, in dicta, in *State v. Schreuder*, 712 P.2d 264 (Utah 1985), characterized an attack on a bindover order as an appeal, stating:

> Section 77–35–2(b)(3) provides that an appeal may be taken by the defendant "[f]rom an interlocutory order when, upon petition for review, the supreme court decides that such an appeal would be in the interest of justice...." That statute governs all appeals from bindover orders entered in any court.

*Id.* at 270.

In support of their position, defendants claim that Rule 12 of the Utah Rules of Criminal Procedure authorizes the district court to hear motions to quash bindover orders as part of its original jurisdiction in criminal cases. Rule 12(b)(1) states:

> (b) Any defense, objection or request, including request for rulings on the admissibility of evidence, which is capable of determination without the trial of the general issue may be raised prior to trial by written motion. The following shall be raised at least five days prior to the trial:
>
> (1) defenses and objections based on defects in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense, which objection shall be noticed by the court at any time during the pendency of the proceeding;....

Defendants read too much into Rule 12. In their motions to quash the bindover orders, defendants did not object to defects in the informations. Rather, they objected to the orders of the circuit courts binding them over for trial. Rule 12(b)(1) governs objections to the information itself, not objections to an order of the circuit court finding that there was sufficient evidence presented in the preliminary hearing to support a finding of probable cause.[1]

Defendants also rely on Rule 10(c) of the Utah Rules of Criminal Procedure, claiming it requires the district court to dispose of all objections relating to the preliminary hearing during the exercise of the district court's original criminal jurisdiction. Rule 10(c) states:

> Any defect or irregularity in or want or absence of any proceeding provided for by statute or these rules prior to arraignment shall be specifically and expressly objected to before a plea of guilty is entered or the same is waived.

We read Rule 10(c) to merely reaffirm the general legal rule that all objections, including those to proceedings in the circuit court, must be made before a guilty plea is entered or the objections will be waived. We are not dealing with the entry of a guilty plea in these appeals and thus do not find Rule 10(c) relevant to our analysis.

We are not persuaded by defendants' attempts to demonstrate that their motions to quash the bindover orders invoked the district courts' original criminal jurisdiction. Rather, we agree with the district courts that defendants seek a review of the substantive merits of the bindover orders on the record, a review more accurately characterized as an appeal.

## APPELLATE JURISDICTION

Alternatively, defendants argue that even if we characterize defendants' requests for review of the legality of the bindover orders as appeals, the district court has jurisdiction.

---

1. Defendants cite *State v. Brickey*, 714 P.2d 644 (Utah 1986), for the proposition that the district court has original jurisdiction to review bindover orders of the circuit court. In *Brickey*, after describing the circumstances allowing a refiling of an information and finding that those circumstances were not present, the court concluded, "the district court should have quashed the bindover." *Id.* at 648. However, defendants concede that the statutory and constitutional changes limiting the district courts' appellate jurisdiction over the circuit courts occurred in July 1986, six months after *Brickey* was decided. Thus, the language referred to in *Brickey* is not helpful in our resolution of this issue.

Article VIII, section 5 of the Utah Constitution provides: "The district court shall have appellate jurisdiction as provided by statute." Utah Const. art. VIII, § 5. Unlike its 1896 predecessor which provided that a district court had "appellate jurisdiction from all inferior courts and tribunals, and supervisory control of the same," [2] article VIII, section 5 now limits the district courts' appellate jurisdiction to only that specifically provided for by statute. *De-Bry v. Salt Lake County Bd. of Appeals*, 764 P.2d 627, 627 (Utah Ct.App.1988).[3]

The only reference to the appellate jurisdiction of the district court states: "The district court has jurisdiction to review agency adjudicative proceedings as set forth in Chapter 46b, Title 63...." [4] Utah Code Ann. § 78–3–4(5) (1989). The district court's jurisdiction over agency adjudicative proceedings is further limited by Utah Code Ann. § 63–46b–15 (1989) to only informal adjudicative proceedings. Thus, the only appellate jurisdiction statutorily delegated to the district court is to review informal agency adjudicative proceedings.

Under the current statutory scheme, the legislature has vested appellate jurisdiction over circuit court proceedings in the Utah Court of Appeals. Utah Code Ann. § 78–2a–3(2)(d) (1989) reads:

(2) The Court of Appeals has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:

. . . .

(d) appeals from the circuit courts, except those from the small claims department of a circuit court.[5]

Defendants argue that Utah Code Ann. § 78–2a–3(2)(d) (1989) does not vest exclusive jurisdiction over appeals from the circuit court in the Utah Court of Appeals. We agree, but do not understand how this helps defendants. Defendants must still point to some statutory delegation of appellate jurisdiction to the district court. *City of Monticello v. Christensen*, 788 P.2d 513, 518 (Utah 1990).

Next, defendants correctly point out that the circuit courts were sitting as magistrates, not in their normal jurisdictional capacity, when they entered the bindover orders.[6] Defendants argue that when the circuit court acts as a magistrate under Rule 7 of the Utah Rules of Criminal Procedure,[7] the bindover order is not a normal

---

**2.** Utah Const. art. VIII, § 7 (1953).

**3.** The Utah Supreme Court recently reinforced the principle that the district court's appellate jurisdiction must be conferred by statute:

Article VIII, section 5 clearly provides that "the district court shall have appellate jurisdiction as provided by statute" and that "the jurisdiction of all other courts, both original and appellate, shall be provided by statute." This language is plain and unambiguous.

*City of Monticello v. Christensen*, 788 P.2d 513, 518 (Utah 1990).

**4.** Prior to 1986, Utah Code Ann. § 78–3–4 (1953) provided, in pertinent part: "The district court shall have original jurisdiction in all matters civil and criminal, not excepted in the Constitution and not prohibited by law; appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same."

**5.** Also relevant is Utah Code Ann. § 78–4–11 (1987), which states in pertinent part, with our emphasis, that: "Except as otherwise directed by § 78–2–2, appeals from *final* civil and criminal judgments of the circuit courts are to the Court of Appeals."

**6.** A magistrate is defined in Utah Code Ann. § 77–1–3(4) (1990) as "a justice of the Supreme

Court, a judge of the district courts, a judge of the juvenile courts, a judge of the circuit courts and a justice of the peace or a judge of any court created by law." The Utah Supreme Court in *Van Dam v. Morris*, 571 P.2d 1325 (Utah 1977), held that a circuit court conducting a preliminary hearing is not acting as a circuit court but as a magistrate. The court explained:

A preliminary examination does not invoke the jurisdiction of the court. In such a proceeding, the action is not action by a judge of any court, but that of a magistrate, a distinct statutory office. Justices of the Supreme Court, district judges, city court judges, and justices of the peace, when sitting as magistrates having the jurisdiction and powers conferred by law upon magistrates and not those that pertain to their respective judicial offices.

*Id.* at 1327.

**7.** Rule 7 of the Utah Rules of Criminal Procedure provides, in pertinent part:

(8)(b) If from the evidence a magistrate finds probable cause to believe that the crime charged has been committed and that the defendant has committed it, the magistrate shall order, in writing, that the defendant be bound over in the district court....

(c) If the magistrate does not find probable cause to believe that the crime charged has

judgment or order of the circuit court. They, therefore, reason that this is an exception to the general delegation of appellate jurisdiction over circuit court orders to the Utah Court of Appeals.

Again, we do not disagree with the defendants' argument in the abstract, but cannot decipher how the argument helps them. Defendants still point to no statute giving the district court jurisdiction over appeals from the decisions of a magistrate under Rule 7. In fact, Utah Code Ann. § 78–2a–3(2)(e) (1989) vests "interlocutory appeals from any court of record in criminal cases, except those involving a first degree or capital felony" in the Utah Court of Appeals. Certainly the magistrate was acting as a court of record in a criminal case when it held the preliminary hearing.

Finally, both defendants make a number of policy arguments in favor of giving the district courts jurisdiction over objections to bindover orders alleging insufficiency of the evidence. Although some of their contentions have merit,[8] such arguments must be made to the legislature. It is the legislature which is charged with the task of statutorily delegating appellate jurisdiction and we cannot modify its decisions because we believe policy considerations so dictate.

In conclusion, we affirm the orders of the district courts refusing to exercise jurisdiction.

GARFF and GREENWOOD, JJ., concur.

been committed or that the defendant committed it, the magistrate shall dismiss the information and discharge the defendant. The magistrate may enter findings of fact, conclusions of law, and an order of dismissal. The dismissal and discharge do not preclude the state from instituting a subsequent prosecution for the same offense.

8. Defendants correctly claim that because the decision to allow an interlocutory appeal is discretionary, defendants might be forced to go through an unnecessary trial if the right to file an interlocutory appeal of the bindover order is denied.