**STATE of Utah, Plaintiff
and Respondent,**

v.

**Vaughn HUMPHREY, Harry Jamar Gordan, and Bruce William Mathews,
Defendants and Petitioners.**

No. 900434.

Supreme Court of Utah.

Dec. 18, 1991.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

Elizabeth A. Bowman, James C. Bradshaw, Vernice S. Ah Ching, Elizabeth Holbrook, Salt Lake City, for defendants and petitioners.

DURHAM, Justice:

Petitioners Vaughn Humphrey, Harry Jamar Gordan, and Bruce Mathews are criminal defendants in unrelated felony cases pending in the district courts of this state. A circuit court judge acting as a magistrate bound each defendant over for trial in district court. Each defendant then moved the district court to quash the bindover order. In each case, the district court denied the motion, holding that it lacked jurisdiction to quash bindover orders. Each defendant filed an interlocutory appeal with the Utah Court of Appeals. That court affirmed the district court rulings. *State v. Humphrey,* 794 P.2d 496 (Utah Ct.App.1990) (consolidating Humphrey's and Gordan's appeals); *State v. Mathews,* No. 890666–CA (Utah Ct.App. June 21, 1990). All three cases, now consolidated, are before us on a writ of certiorari. We reverse.

The issue before us is whether, in light of recent statutory and constitutional changes associated with the creation of the Utah Court of Appeals, the district courts no longer have jurisdiction to quash bindover orders. This is solely a question of law, which we review under a correctness standard. We thus give no deference to the decisions below. *See City of Monticello v. Christensen,* 788 P.2d 513, 516 (Utah), *cert. denied,* —— U.S. ——, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990).

Prior to 1986, the jurisdictional provision governing district courts gave them "appellate jurisdiction from all inferior courts and tribunals, and a supervisory control of the same." Utah Code Ann. § 78–3–4 (Supp. 1985). A 1986 amendment eliminated this appellate jurisdiction. Judicial Article Implementation Act, ch. 47, § 50, 1986 Utah Laws 136–37.[1] In each of the cases consolidated here, the trial court's conclusion that it lacked jurisdiction to quash a bindover order was premised on this statutory change and a determination that quashal was an appellate function. The court of appeals similarly concluded that an attack on a bindover order "falls squarely within the classic definition of an appeal." *Humphrey,* 794 P.2d at 498. Before this court, the State urges the same conclusion, arguing that "what [defendants] sought was review on the record from the circuit court of the sufficiency of the evidence presented to that court.... This type of on-the-record review of the sufficiency of the evidence ... can be nothing other than appellate review."

This characterization of motions to quash bindover orders is twice flawed. First, it misconstrues the nature of bindover orders and motions to quash. A magistrate issues a bindover order after a preliminary hearing upon finding that there is probable cause to believe the defendant has committed the crime charged in the information. *See* Utah R.Crim.P. 7(8)(b). By the bindover order, the magistrate requires the defendant "to answer [the information] in the district court." *Id.* The information is then transferred to the district court, permitting that court to take original jurisdiction of the matter.[2] At that point, the

---

1. A subsequent amendment once again granted district courts some appellate jurisdiction, but this added jurisdiction is limited to review of informal agency adjudicative proceedings. District courts still have no "supervisory control" of "inferior courts." *See* Utah Code Ann. § 78–3–4 (Supp.1991).

2. Historically, a district court did not acquire jurisdiction until an information was filed with it, and this could not occur until after the magis-

district court has the inherent authority and the obligation to determine whether its original jurisdiction has been properly invoked. In doing so, the district court need show no deference to the magistrate's legal conclusion, implicit in the bindover order, that the matter may proceed to trial in district court, but may conduct its own review of the order.

■ Our rules of criminal procedure help clarify the authority of district courts to control their original jurisdiction. Rule 25(a) permits the court to dismiss an information "[i]n its discretion, for substantial cause and in furtherance of justice." Utah R.Crim.P. 25(a). Rule 12(b) provides, "Any defense [or] objection ... which is capable of determination without the trial of the general issue may be raised prior to trial." Utah R.Crim.P. 12(b). This authority to review pretrial defects must be interpreted to encompass review of the procedure by which the matter came before the district court. Furthermore, rule 12(b)(1) explicitly gives district courts authority to review

"defects in the indictment or information." Utah R.Crim.P. 12(b)(1). When prosecution occurs by information rather than by indictment, a preliminary hearing and bindover order are integral parts of the prosecution; without the bindover, an information would not be before the district court. From the district court's perspective, therefore, a defect in the bindover order may be treated as a defect in the information.[3]

■ Jurisdiction over a motion to quash a bindover order thus fits squarely within Utah Rule of Criminal Procedure 12 and follows logically from rule 25.[4] The motion focuses a district court's attention on the propriety of its exercise of original jurisdiction, requiring a determination of whether it can proceed with the case. Although the examination of preliminary proceedings may involve a "review on the record" of the magistrate's order, consideration of a motion to quash a bindover order does not constitute "appellate review" in a formal sense. The conclusion that the motion is equivalent to an appeal is erroneous.[5]

trate's preliminary hearing and bindover. *See* Utah Code Ann. § 77–17–1 (1978); *see also State v. Freeman,* 93 Utah 125, 71 P.2d 196, 199 (1937) (holding that information can be filed properly in district court "only after the accused has been duly bound over and held to answer in the district court by a magistrate"). Although under the current statutory scheme a felony *information* (rather than a *complaint*) is first filed before a magistrate, *see* Utah R.Crim.P. 5(a) & 7(2), it is still true that the district court does not acquire jurisdiction until after a bindover order issues and the information and all other records are transferred to the district court. *See* Utah R.Crim.P. 10(a) (arraignment to occur only when all records are received by district court after bindover); *cf.* Utah Const. art. I, § 13 (permitting offenses to be "prosecuted by information after examination and commitment by a magistrate, unless the examination be waived").

3. Indeed, as petitioners suggest, there may be no meaningful difference between quashal of a bindover order and dismissal of an information. Historically, an information could not be filed until after a preliminary hearing and bindover order, *see supra* note 2, and thus defects in the hearing or order would infect the information. We do not decide whether, under our current statutory scheme, there is a difference between quashal of a bindover order and dismissal of an information. We conclude only that the district court's authority to review defective informa-

tions includes the authority to review defective bindover orders.

4. As petitioners point out, this reading of rules 12 and 25 is also consistent with rule 10(c). That rule, however, is not directly at issue in these cases because these cases do not involve guilty pleas.

5. The court of appeals cited *State v. Schreuder,* 712 P.2d 264 (Utah 1985), for the proposition that attacks on bindover orders constitute appeals. *Humphrey,* 794 P.2d at 498. *Schreuder* is inapposite. It presented an equal protection claim at a time (before the recent jurisdictional modifications that gave rise to the cases before us today) when district courts routinely reviewed bindover orders of circuit court judges. Atypically, in *Schreuder* the defendant's preliminary hearing had been conducted by a district court judge. The defendant therefore made an equal protection argument that he did not have the opportunity, available to defendants bound over by circuit court judges, for "superior court" review. We held that in this circumstance the defendant could seek superior court review of his preliminary hearing through interlocutory appeal to this court. 712 P.2d at 270. But the availability of interlocutory appeal is irrelevant to whether a trial court also has the authority to satisfy itself that a defendant is properly before it. *Schreuder* is further inapposite because we conclude below that under our current statutory

■ The second flaw in the State's characterization of defendants' motions lies in its claim that defendants sought "review on the record from the circuit court." This mischaracterization results in the erroneous conclusion, argued by the State and adopted by the court of appeals in *Humphrey*, 794 P.2d at 499–500, that the proper way to seek quashal of a bindover order is through an interlocutory appeal to the court of appeals pursuant to Utah Code Ann. § 78–2a–3(2)(d) and (e). These statutes do not permit direct interlocutory appeal of magistrates' bindover orders. Section 78–2a–3(2)(d) gives the court of appeals jurisdiction over "appeals from the circuit courts," and section 78–2a–3(2)(e) gives it jurisdiction over "interlocutory appeals from any court of record in criminal cases." In the instant cases, however, the records were not created in a circuit court or any other court of record; rather, they were created before a magistrate, as provided by Utah Rule of Criminal Procedure 7(7). Although the magistrate in each case also happened to be a circuit court judge (as is true in most cases), our statutory provisions make an unmistakable distinction between the functions and powers of a judicial officer acting as magistrate and one acting as judge of a court. By definition, " '[m]agistrate' means a justice of the Supreme Court, a judge of the district courts, a judge of the juvenile courts, a judge of the circuit courts, a judge of the justice courts, or a judge of any court created by law." Utah Code Ann. § 77–1–3 (Supp.1990). These individuals, "when sitting as magistrates hav[e] the jurisdiction and powers conferred by law upon magistrates and not those that pertain to their respective judicial offices." *Van Dam v. Morris*, 571 P.2d 1325, 1327 (Utah 1977); *cf.* Utah Code Ann. § 78–7–16 (powers of judges contradistinguished from powers of their courts). Magistrates are not "circuit courts."[6] Furthermore, because the statutory definition of magistrate includes judges of courts not of record, as defined in Utah Code Ann. § 78–1–2, the respective functions of courts of record and magistrates are not coextensive.

■ Instead, a magistrate's statutory role is to assist courts of record in various preliminary matters in felony cases and to be more extensively involved with misdemeanor cases.[7] A magistrate's contribution to a felony proceeding is entirely nonadjudicative: "A preliminary hearing is not a trial, and a magistrate ... does not sit as a judge of a court and exercises none of the powers of a judge...." *Morris*, 571 P.2d at 1327. The fact that a magistrate's dismissal of a charge does not preclude subsequent prosecution of the same offense, *see* Utah R.Crim.P. 7(8)(c), substantiates the determination that magistrates do not adjudicate.[8] We thus conclude, con-

scheme, interlocutory review of a magistrate's bindover order is no longer available.

6. We note that if the orders of magistrates were in fact orders of a circuit court, the Utah State Constitution would provide an appeal as of right from these orders. Utah Const. art. I, § 12, art. VIII, § 5. Interlocutory appeal to the court of appeals would not satisfy this requirement. We believe this right likewise would not be satisfied if the defendant first had to endure trial in the district court, because any challenges to the bindover order would be mooted by the trial verdict. Our construction avoids this constitutional problem.

7. Currently, the powers and duties of magistrates are scattered through various provisions of titles 77 and 78 of the Utah Code and through the Utah Rules of Criminal Procedure, especially rule 7. The partial codification of the authority of magistrates in new section 78–7–17.5 of the Utah Code, effective January 1, 1992,

further reinforces our conclusion that magistrates do not exercise adjudicatory authority.

8. We also note that magistrates routinely issue search warrants to assist in the administration of justice and district courts routinely review those warrants without functioning as appellate courts. In its brief, the State argues that this review is not the same as reviewing bindover orders, because "[a] district court reviews the sufficiency of the search warrant only to determine whether evidence will be admissible in the trial pending in that court. It does not issue an order overturning the order of another court...." But a district court's review of the sufficiency of the preliminary hearing and bindover order similarly serves only to determine whether the information will be accepted in that court for the purposes of proceeding to trial. When quashal is appropriate, the district court does not overturn the order of another court; it vacates the order of the magistrate.

trary to the court of appeals' decision below, *see* 794 P.2d at 500, that a judicial officer functioning as a magistrate is not functioning as a circuit court or other court of record. Because magistrates are not courts of record when they conduct preliminary hearings and issue bindover orders, under the current jurisdictional statutes their orders are not immediately appealable.[9]

Although the statutory structure compels us to conclude that magistrates are not courts, a conclusion we reached fifteen years ago in *Morris*, we are aware that other case law and some provisions of our rules of criminal procedure and our statutes are inconsistent with this holding. In *State v. Schreuder*, 712 P.2d 264, 270 (Utah 1985), we held that a bindover order entered by a district court judge could be challenged by interlocutory appeal to this court.[10] Dicta in *Schreuder* suggested that interlocutory appeal also was possible "from bindover orders entered in any court." 712 P.2d at 270. Our choice of this language was probably the result of a common but technically incorrect practice of referring to magistrates as courts. This imprecision in *Schreuder* was immaterial, however, because at the time the appellate jurisdiction of this court was not specifically limited to review of courts of record (and the Utah Court of Appeals did not yet exist). *See* Utah Code Ann. § 78-2-2 (1977). We must be more careful today, now that the more precise jurisdictional statutes of both this court and the court of appeals have limited jurisdiction over interlocutory criminal orders to review of "appeals from any court of record." Utah Code Ann. §§ 78-2-2(3)(h), 78-2a-3(2)(e) (1991).

To the extent that language in the Utah Rules of Criminal Procedure also implies that some functions of magistrates continue to be reviewable on interlocutory appeal, the rules will need revision to conform with the actual status of magistrates and the recent statutory modifications in jurisdic-tion. Legislative revisions may also be in order to ensure that all statutory provisions recognize the distinction between the functions of magistrates and courts.

 Magistrates are not courts or tribunals. They exercise magisterial, not adjudicatory, functions. Review of their orders cannot properly be subjected to appellate review under our statutory scheme. More importantly, it is always proper for a trial court, as a threshold jurisdictional matter, to consider whether it has jurisdiction over a criminal defendant. We therefore reverse and remand these cases to the district courts for consideration of the merits of the motions to quash.

Reversed and remanded.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

---

**9.** Of course, once a district court has refused to quash a bindover order, the district court's ruling could then become the subject of an interlocutory appeal.

