2011 UT App 302

**STATE of Utah, Plaintiff and Appellee,**

v.

**Dagbert YOUNG, Defendant and Appellant.**

**No. 20110542–CA.**

Court of Appeals of Utah.

Sept. 1, 2011.

**516**

Dagbert Young, West Jordan, Appellant Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Dagbert Young appeals the denial of his motion to correct an illegal sentence pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. This matter is before the court on its own motion for summary disposition on the basis that the issues raised are so insubstantial as not to merit further proceedings and consideration by the court.

¶ 2 Young claims that the district court never obtained jurisdiction over him because the circuit court judge who presided over Young's preliminary hearing as a magistrate did not have the authority to do so. Young sought relief under rule 22(e) of the Utah Rules of Criminal Procedure. However, the motion was not truly a challenge to his sentence, but instead constituted a challenge to his underlying conviction. *See State v. Thomas,* 2002 UT App 31U, 2002 WL 257678 (mem.) (per curiam) (determining that claim that circuit court lacked jurisdiction to issue a bindover following a preliminary hearing was not properly raised in a rule 22(e) motion). As such, Young's motion in the district court was not a proper rule 22(e) motion, which "presupposes a valid conviction." *See State v. Brooks,* 908 P.2d 856, 860 (Utah 1995) ("[R]ule 22(e) does not allow an appellate court to review the legality of a sentence when the substance of the appeal is not a challenge to the sentence itself, but to the underlying conviction."). Therefore, because the motion concerns the underlying conviction instead of his sentence, the district court properly denied Young's rule 22(e) motion.

¶ 3 Further, even if Young's issue concerning the validity of his bindover was properly brought under rule 22(e) of the Utah Rules of Criminal Procedure, he would still not be entitled to relief. The Supreme Court previously validated the procedure of a circuit court judge acting as a magistrate and making a bindover determination in *State v. Humphrey,* 823 P.2d 464 (Utah 1991). *See id.* at 467 (discussing the jurisdiction of various courts following a circuit court judge's bindover of a defendant when the circuit court judge was acting as a magistrate). Young fails to cite to any case law that calls into question the validity of that decision.

¶ 4 Affirmed.