## BRILL *v.* PECKHAM MOTOR TRUCK AND WHEEL COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 181.   Argued March 2, 3, 1903.—Decided April 6, 1903.

Where in a patent case a preliminary injunction has been granted by a Circuit Court on the strength of a previous adjudication by the same court over the same patent, the case involving questions of fact in respect of anticipation and infringement, and not being ripe for final hearing, it is error for the Circuit Court of Appeals on an appeal from the interlocutory order to direct a dismissal of the bill. *Mast Foos Company* v. *Stover Manufacturing Company*, 177 U. S. 485, applied.

THIS was a bill in equity filed in the Circuit Court of the United States for the Southern District of New York by John A. Brill and The J. G. Brill Company against The Peckham Motor Truck and Wheel Company and others, praying for injunction and accounting for infringement of letters patent No. 478,218, for an improvement in car trucks, issued July 5, 1892.

The J. G. Brill Company was a manufacturer of street cars and trucks at Philadelphia, and The Peckham Motor Truck and Wheel Company was a manufacturer of trucks at Kingston, New York.

The bill was filed October 15, 1900, and a motion for preliminary injunction on behalf of complainants on claims one and two of the patent in suit was heard by Judge Lacombe on October 26, 1900, on affidavits previously served by complainants, including the record of an adjudication in the Circuit Court in the case of *Brill* v. *Third Avenue Railroad Company*, in which the opinion of Judge Shipman was filed July 9, 1900. 103 Fed. Rep. 289.

Defendants filed affidavits at the hearing, which had been sworn to October 25 and 26, and which complainants had apparently had no opportunity to inspect before the argument. These affidavits set up two patents, (Manier of August 27, 1889,

No. 409,993, and Peckham, of January 21, 1890, No. 419,876), which had also been before Judge Shipman in the prior case, and defendants contended in view of these two patents that the two claims in controversy must be limited in their scope, and that there had been no infringement of the claims as thus limited. Judge Lacombe held that as there was no prior patent before him which had not been before Judge Shipman, and as the combination, which Judge Shipman described as the gist of the invention, was undoubtedly in defendants' structures, complainants were entitled to a restraining order under " well settled rules of practice." 105 Fed. Rep. 626. The preliminary injunction was therefore granted. From this interlocutory order defendants took an appeal to the Circuit Court of Appeals for the Second Circuit, and on a hearing there the order granting the preliminary injunction was reversed, and the cause remanded to the Circuit Court with instructions to dismiss the bill with costs. 108 Fed. Rep. 267. A petition was filed for a rehearing and denied. 110 Fed. Rep. 377. This writ of certiorari was then granted. 183 U. S. 698.

*Mr. Francis Rawle* and *Mr. Frederick P. Fish* for petitioners. *Mr. Joseph L. Levy* was with them on the brief.

*Mr. William A. Megrath* and *Mr. Charles H. Duell* for respondent.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

The Circuit Court for the Southern District of New York, Shipman, J., presiding, in July, 1900, entered a decree in the case of *Brill* v. *Third Avenue Railroad Company*, adjudging the letters patent to George M. Brill of July 5, 1892, No. 478,218, for improvements in car trucks, as to claims 1, 2, 9, 10, 11, 12, 14 and 27 thereof, to be good and valid, and that defendant, as the purchaser of one hundred and eighty-one trucks of the Bemis Car Box Company, had infringed the exclusive rights of complainant thereunder; and for injunction, accounting, and

recovery of damages. And a final decree was entered in the cause October 1, 1900. This bill was filed October 15, 1900, in the same court, against another truck building company, and a motion for preliminary injunction was heard in that court before Lacombe, J., and sustained on the strength of the previous adjudication. The patent related to the construction of non-pivotal electric street railway trucks, and the invention was intended to remedy oscillation.

Judge Lacombe, in ordering the preliminary injunction, said:

"The only question presented is whether defendant's structure infringes. That involves the construction of the claims declared on, and, for the purposes of this motion, the construction already adopted by this court on final hearing in the *Third Avenue* case, 103 Fed. Rep. 289, should be followed; for there is no prior patent, no prior use, proved here, which was not before Judge Shipman. It is true that in that case the defendant's device was a much closer copy than the one now under consideration, containing, as it did, the feature that the spiral springs came first into play, and the further feature of depending caps, in which the leaves of the elliptical springs play vertically, but the court most carefully indicates that the leading feature of the invention lies outside of these details; that the 'gist of the invention consists in combining with the frames of the truck and the spiral springs other springs, viz., elliptical springs, between the car body and the extensions of the independent frame,' the object being to break the rhythm of the springs, and thus do away with the galloping or rocking motion. The defendant here insists that there is no rhythm broken, indeed, that there is no rhythm to break, and that the combination of the quotation does not do away with the galloping motion. On those points, however, this court should follow the earlier decision. There are additional rods, and also spirals, below the frame, which apparently in defendant's structure do their share in eliminating galloping; but the combination which Judge Shipman described as the gist of the invention is undoubtedly in defendant's structure, and, under well settled rules of practice, complainant is entitled to a restraining order until final hearing."

The rule of practice for one member of a court to regard the prior decision of another, in cases of this kind, as to be followed until otherwise authoritatively adjudicated, seems to be justified in the orderly conduct of proceedings, and the Circuit Court of Appeals did not hold that the Circuit Court had improvidently exercised its discretion in granting the preliminary injunction in accordance with its own prior decision and decree, which decree was not the subject of the appeal. But the court proceeded to dispose of the case upon its merits as one in which it was apparent complainant could not ultimately prevail, and relied on *Mast, Foos and Company* v. *Stover Manufacturing Company,* 177 U. S. 485, as authorizing the pursuit of that course.

It was contended there that the Circuit Court of Appeals for the Seventh Circuit erred in refusing to follow the opinion of the Circuit Court of Appeals for the Eighth Circuit in respect of the validity and scope of a patent, and in reversing the order of the Circuit Court, which, on the ground of comity, had done so, and we held that the obligation was not imperative, but that the Circuit Court of Appeals for the Seventh Circuit was at liberty to exercise its own judgment.

In doing so the Court of Appeals directed the dismissal of the bill, before answer filed or proofs taken, on an appeal from an order granting a temporary injunction, and its action in that regard was a principal question discussed in this court.

It should be observed that in that case complainant was served with defendant's affidavits before the argument below, and was permitted to put in rebuttal affidavits. The merits of the case were fully before the court, and the patent in suit related to the use in a windmill of an old and simple mechanical device for the purpose of converting a rotary into a reciprocating motion. It was held that the case fell within the rule sometimes applied where there is no dispute upon the facts, and there appears to be no reasonable possibility that complainant may succeed. But this court took care to define the class of cases in which that might be done, and speaking through Mr. Justice Brown said :

"Does this doctrine apply to a case where a temporary injunction is granted *pendente lite* upon affidavits and immediately

upon the filing of a bill ? We are of opinion that this must be determined from the circumstances of the particular case. If the showing made by the plaintiff be incomplete ; if the order for the injunction be reversed, because injunction was not the proper remedy, or because under the particular circumstances of the case, it should not have been granted ; or if other relief be possible, notwithstanding the injunction be refused, then, clearly, the case should be remanded for a full hearing upon pleadings and proofs. But if the bill be obviously devoid of equity upon its face, and such invalidity be incapable of remedy by amendment ; or if the patent manifestly fail to disclose a patentable novelty in the invention, we know of no reason why, to save a protracted litigation, the court may not order the bill to be dismissed. Ordinarily, if the case involve a question of fact, as of anticipation or infringement, we think the parties are entitled to put in their evidence in the manner prescribed by the rules of this court for taking testimony in equity causes. But if there be nothing in the affidavits tending to throw a doubt upon the existence or date of the anticipating devices, and giving them their proper effect, they establish the invalidity of the patent ; or if no question be made regarding the identity of the alleged infringing device, and it appear clear that such device is not an infringement, and no suggestion be made of further proofs upon the subject, we think the court should not only overrule the order for the injunction, but dismiss the bill."

In the present case the notice of the motion for preliminary injunction was returnable October 19, and due service of complainants' affidavits was made ; the hearing was adjourned to October 26 on defendants' application ; and on that day defendants' affidavits were presented and the hearing proceeded, complainants not having been afforded previous opportunity to inspect these affidavits, and not being granted leave to rebut them.

The record does not show that leave was asked, but if so, it would naturally be denied because in the opinion of the Circuit Court its previous decision necessarily required the granting of the preliminary injunction. In any view the effect was that complainants, although they were prepared to go on with the

motion they had made, were subjected on appeal to the same consequences as if the preliminary hearing had been a final one.

Complainants, if the case had been retained for final hearing, could have cross-examined defendants' *ex parte* witnesses as to the actual construction of defendants' various trucks containing the combination of spiral and elliptical springs of the patent in suit; the actual operation of defendants' devices; whether defendants' devices in fact infringed claims 1 and 2 of complainants' patent if limited; or claims 9, 10, 11 and 14 thereof; or whether the devices of the Peckham patent, No. 419,876, were in fact incapable of practicable use, or were ever in fact used; and could have introduced evidence on these subjects, as also on the question whether complainants' invention antedated the Peckham and Manier patents; to establish the utility and value and adoption and use of the combination of claims 1 and 2; and that defendants' trucks were not "radically different, both in construction and mode of operation from that of the patent in suit," as alleged by defendants' counsel to have been shown by the experiments set up in defendants' affidavits.

Those experiments were performed by respondents and their experts between the filing of the bill and the hearing of the motion, some eleven days, and counsel say that "these experiments would seem to demonstrate conclusively that Peckham's elliptic springs do not perform the function claimed for the elliptic springs in the patent in suit. Indeed, as far as galloping goes, their introduction into the Peckham truck is demonstrated to be a positive disadvantage; and the only beneficial function they can perform—the only reason for their continued use all these years is that stated by the respondents, *i. e.,* to prevent the lateral swaying of the car body."

This is said in support of the contention, on which counsel lay great stress in this court, that respondents lessen oscillation by the use of an underlying tension spring, and use elliptical springs merely for bracing the car body.

· Counsel also say: "That all of these matters in reference to the functions of the springs, and whether they operated ac-

cording to the theories of the petitioners or the belief of the respondents; and incidentally whether respondents' trucks did really embody the alleged invention of the patent in suit; were susceptible of absolute, practical demonstration."

Clearly complainants were entitled to test these experiments by cross-examination and to introduce evidence on their part as to the operation of the springs.

If Judge Shipman's definition of claims 1 and 2 was correct, no question of infringement would arise, but the Court of Appeals held that his interpretation was incorrect, and on reference to Manier, No. 409,993, and Peckham, No. 419,876, that the claims, as they read and as Judge Shipman construed them, must be limited. Yet it is admitted by counsel that the date of the conception of the invention of the patent in suit was prior to the dates of both the patents of Manier and Peckham, but it is argued that the inventor was not sufficiently diligent in reducing his invention to practice. If the matter of delay were of importance, as assumed, it was open to the inventor to explain the reason of the delay, if any, and complainants were entitled to make proof of such explanation.

Again, in respect of "the actual operation of defendants' devices as compared with the devices of the patents in suit," and "the question whether defendants' devices do, in fact, infringe claims 1 and 2, if said claims are to be limited as held by the court below," respondents' counsel contend that this issue was tendered by respondents and decided by the Circuit Court of Appeals, and that the case ought not to be "reopened" to permit petitioners to introduce additional proofs. The difficulty is, however, that the issue was only tendered on the preliminary application, and the hearing was not in itself a final hearing. If complainants in every case must understand that a motion for preliminary injunction requires the same showing as on final hearing, very few motions of that sort would be made.

We think the case comes within the exceptions pointed out in the *Mast, Foos & Company* decision, 177 U. S. 485, and are impressed with the conviction that complainants have not had their day in court and that it ought to be accorded them. At

the same time we do not wish to go into the case so far as to indicate any opinion as to the proper construction of claims 1 and 2 or on the question of infringement. There should be a hearing below after the case is made ripe for it unaffected by any intimations from us.

The situation then is this: The order for a preliminary injunction was reversed as part of the decree directing the dismissal of the bill, and not independently of the grounds on which that conclusion rested. But the Court of Appeals had the power to vacate the preliminary injunction, and had only this been done, an appeal to this court could not have been taken, nor would a certiorari ordinarily have been granted in such circumstances.

Considering the peculiar attitude in which the case is presented, we prefer not to discuss the question how far the appellate courts are justified in reversing orders of the Circuit Courts granting preliminary injunctions, when their discretion has not been improperly exercised, and the order will be

*Decree of the Circuit Court of Appeals reversed, and cause remanded to the Circuit Court with a direction to proceed to final hearing in due course; the latter court being left at liberty to deal with the preliminary injunction as it otherwise might but for this decree.*