1999 UT 84

**STATE of Utah, Plaintiff and Appellee,**

v.

**Wally Frank ORTIZ, Defendant and Appellant.**

**State of Utah, Plaintiff and Appellee,**

v.

**Paul Christopher Allen, Defendant and Appellant.**

**Nos. 970427, 981584.**

Supreme Court of Utah.

Sept. 10, 1999.

Jan Graham, Att'y Gen., Thomas B. Brunker, Asst. Att'y Gen., Robert Stott, Salt Lake City, for plaintiff.

Joan C. Watt, Lisa J. Remal, Robin K. Ljungberg, Salt Lake City, for defendant.

Jan Graham, Att'y Gen., Christine Soltis, J. Frederic Voros, Jr., Asst. Att'ys Gen., William K. McGuire, Carvel R. Harward, Farmington, for plaintiff.

Ronald J. Yengich, Bradley P. Rich, Salt Lake City, for defendant.

ZIMMERMAN, Justice:

¶ 1 These two cases come before us on interlocutory appeal. They have been consolidated for decision. Defendants Paul C. Allen and Wally F. Ortiz are both charged with capital murder under section 76–3–207(4) of the Code. Both allegedly committed these crimes at a time when one convicted of a capital felony and not sentenced to death was to be sentenced to life in prison with the possibility of parole unless the jury could agree unanimously that life without the possibility of parole was the appropriate sentence. After the crimes with which Allen and Ortiz are charged were committed, the legislature amended section 76–3–207(4) (Supp.1997) to provide that a jury could impose a sentence of life without the possibility of parole by a vote of 10 to 2, 11 to 1, or 12 to 0. Previously, only a vote of 12 to 0 was sufficient. Allen and Ortiz contend that by making it easier to sentence them to life

without parole, the legislature impermissibly increased the punishment for the crimes with which they are charged, in violation of the ex post facto clauses of both the federal and state constitutions. *See* U.S. Const. art. I, § 10; Utah Const. art. I, § 18. After oral argument, this court ordered more briefing on the separate question of whether section 76–3–207(4) might also violate article I, section 10 of the Utah Constitution, the provision requiring that all criminal convictions be by a unanimous verdict. We now conclude that none of these issues are ripe for determination. Therefore, we dismiss the interlocutory appeals and remand the matters for trial.

¶ 2 Because of the disposition we make, there is no need to elaborate further on the alleged crimes or the procedural history of these cases. We proceed directly to the question of ripeness. This court has not addressed ripeness very often. However, the ripeness doctrine, which serves to prevent courts from issuing advisory opinions, has a long history in American jurisprudence. *See Texas v. United States,* 523 U.S. 296, 300–01, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (refusing to address an issue which is contingent on future events which may not occur based on ripeness); *United States v. Certain Parcels of Land,* 345 U.S. 344, 350, 73 S.Ct. 693, 97 L.Ed. 1061 (1953) (refusing to pass on issues deemed not ripe for adjudication); *Zittman v. McGrath,* 341 U.S. 471, 474, 71 S.Ct. 846, 95 L.Ed. 1112 (1951) (refusing to decide issue based on ripeness where controversy may not arise); *Brill v. Peckham Motor Truck & Wheel Co.,* 189 U.S. 57, 63–64, 23 S.Ct. 562, 47 L.Ed. 706 (1903) (refusing to decide certain issues based on ripeness).

¶ 3 In *State v. Herrera,* 895 P.2d 359 (Utah 1995), this court explained the general premise of the ripeness doctrine. There, two defendants argued that section 76–2–305 of the Code, which states that mental illness is a valid defense only where that mental illness prevented the individual from having the mental state required as an element of the offense charged, would violate constitutional restrictions against cruel and unusual punishment. Neither defendant had yet been convicted of a crime. In refusing to address these claims, we pointed out that this issue would have become ripe only if the jury had found either defendant guilty and mentally ill. *See Herrera,* 895 P.2d at 371. We pointed out that there were several other possible outcomes which would make a decision on the issues raised unnecessary. We then stated:

> This court will not issue advisory opinions or examine a controversy that has not yet "sharpened into an actual or imminent clash of legal rights and obligations between the parties thereto. Where there exists no more than a difference of opinion regarding the hypothetical application of a piece of legislation to a situation in which the parties might, at some future time, find themselves, the question is unripe for adjudication."

*Id.* (quoting *Redwood Gym v. Salt Lake County Comm'n,* 624 P.2d 1138, 1148 (Utah 1981)). Other courts have similarly refused to pass judgment on the constitutionality of sentencing procedures where the defendants have not yet been convicted. *See State v. Cinel,* 646 So.2d 309, 317–18 (La.1994) (refusing to strike a penalty provision as cruel and unusual punishment on ripeness grounds because defendant had not yet been convicted or sentenced); *Pennsylvania v. Klobuchir,* 486 Pa. 241, 405 A.2d 881, 884–85 n. 5 (1979) (refusing to address constitutional arguments regarding possible enhanced sentencing on ripeness grounds where defendant had not been convicted).

¶ 4 *Herrera* is directly on point here. Neither defendant has been convicted of a capital crime, much less sentenced to life without parole by a non-unanimous jury. This means that there are several possible circumstances under which we would not need to address the constitutionality of section 76–3–207(4) (Supp.1997). Allen and Ortiz may both be found not guilty; Allen and Ortiz may both be found guilty and unanimous juries could agree that life without the possibility of parole is the proper sentence; Allen and Ortiz may both be found guilty but there might not be ten votes to sentence either defendant to life without the possibili-

ty of parole; and finally, Allen and Ortiz may both be found guilty of a lesser offense.

¶ 5   Given these possibilities, for us to address the suggested constitutional deficiencies of section 76–3–207(4) (Supp.1997) now would be to render an opinion that likely will be advisory only.   This we decline to do.

¶ 6   We therefore dismiss the interlocutory appeals and remand for trial.

¶ 7   Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART, and Justice RUSSON concur in Justice ZIMMERMAN's opinion.