2005 UT 2

**Sheri Colleen PETT, Plaintiff and Appellant,**

v.

**AUTOLIV ASP, INC., Defendant and Appellee.**

**No. 20030626.**

Supreme Court of Utah.

Jan. 7, 2005.

Charles A. Schultz, Brigham City, for plaintiff.

Janet Hugie Smith, Frederick R. Thaler, Salt Lake City, for defendant.

NEHRING, Justice:

¶ 1 This interlocutory appeal asks us to determine whether the trial court exceeded its discretion when it allowed the defendant, Autoliv, to amend its answer to include the affirmative defense of "after-acquired evidence." As Utah has not yet had occasion to formally recognize the after-acquired evidence defense, the plaintiff, Sheri Pett, appealed the order granting Autoliv's amendment. We affirm the trial court's decision to allow Autoliv to amend its answer, but postpone for another day our views on the viabili-

ty and dimensions of the after-acquired evidence defense.

## BACKGROUND

¶ 2 Following various requests for disability leave, Ms. Pett was discharged from her employment at Autoliv. She filed this lawsuit alleging wrongful termination, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.[1] Autoliv answered Ms. Pett's complaint, and the case proceeded to discovery. Over a year later, while discovery was still ongoing, Autoliv filed a motion seeking leave to amend its answer to include the after-acquired evidence defense. Autoliv had not previously alleged this defense and wished to raise it based on information uncovered during discovery concerning Ms. Pett's conduct as an employee. At the time Autoliv filed its motion, no trial date had been set. The trial court granted Autoliv's motion, allowing Autoliv to amend its answer to include the new defense.

¶ 3 Ms. Pett filed this interlocutory appeal, challenging the propriety of the trial court's ruling to permit Autoliv to amend its answer. Autoliv joins Ms. Pett in also asking us to decide whether Utah recognizes the defense of after-acquired evidence. Both parties ask us to pronounce not only whether the after-acquired evidence defense has a pulse, but also to provide a physical description and resume; the briefs spar over how and when the defense may be asserted, what standard of proof a party asserting the defense must meet, what facts a party raising the defense must prove in order to assert the defense, and what instructions must be given to the jury regarding the defense.

## ANALYSIS

¶ 4 We limit our review to determining whether the trial court abused its discretion in granting Autoliv's motion to amend its answer and decline the invitation to express additional views about the scope and application of the after-acquired evidence defense. To do so would be premature and at odds with our time-honored practice of deciding only questions which are ripe. As we have frequently stated, an issue is ripe only when it has " 'sharpened into an actual or imminent clash of legal rights .... Where there exists no more than a difference of opinion regarding the hypothetical application of a[law] to a situation in which the parties might, at some future time, find themselves, the question is unripe for adjudication.' " *Bd. of Trs. v. Keystone Conversions, LLC,* 2004 UT 84, ¶ 32, 103 P.3d 686 (quoting *Redwood Gym v. Salt Lake County Comm'n,* 624 P.2d 1138, 1148 (Utah 1981)).

¶ 5 This case comes to us on interlocutory appeal. It has not matured to the extent that we can know with certainty the facts and law which shape its final outcome. As such, any direction we may provide concerning the characteristics of the after-acquired evidence defense would be little more than an advisory opinion and may ultimately prove to be irrelevant, or even flawed, after a final judgment has been rendered in this case. *See State v. Ortiz,* 1999 UT 84, ¶¶ 2–5, 987 P.2d 39 (dismissing issues raised on interlocutory appeal that were not ripe for adjudication because there were so many possible outcomes at trial (citing *State v. Herrera,* 895 P.2d 359, 371, n. 8 (Utah 1995) (dismissing issues raised on interlocutory appeal that were not ripe for adjudication where defendants assumed they would be found guilty and mentally ill, but there were in fact many other possible outcomes))).

¶ 6 We turn then to the question which we will answer: whether the trial court exceeded its discretion when it granted Autoliv's motion to amend its answer. Rule 15(a) of the Utah Rules of Civil Procedure directs that a party may amend a pleading only by leave of the court, "and leave shall be freely given when justice so requires." Utah R. Civ. P. 15(a). We have consistently encouraged liberal treatment of motions to amend a pleading as long as justice is furthered, and not hindered, by the amendment, so as to "allow examination into and settlement of all issues bearing upon the controversy, [while] safeguard[ing] the rights of the other party to have a reasonable time to

---

1. The claim for intentional infliction of emotional distress has been dismissed.

meet a new issue." *Cheney v. Rucker*, 14 Utah 2d 205, 381 P.2d 86, 91 (1963) (citing Utah R. Civ. P. 15(b)). By permitting Autoliv to amend its answer, the trial court exercised its discretion in a manner wholly compatible with the spirit and principles that inform rule 15.

¶ 7 In *Cheney*, we addressed the amendment of an answer to add an affirmative defense, taking into consideration rule 8(c), which requires parties to plead affirmative defenses. *Id.* (citing Utah R. Civ. P. 8(c)). There, we stated that parties must be "afforded the privilege of presenting whatever legitimate contentions they have pertaining to their dispute. What they are entitled to is notice of the issues raised and an opportunity to meet them. When this is accomplished, that is all that is required." *Id.* at 91.

¶ 8 Here, Autoliv's motion to amend its answer was filed long before trial began and while discovery was still ongoing, leaving Ms. Pett adequate opportunity to respond to the newly raised defense. The trial court did not exceed its discretion in determining that the interests of justice were furthered, rather than impaired, by the grant of Autoliv's motion.

¶ 9 Accordingly, we affirm the order of the trial court granting Autoliv's motion. We decline the parties' invitation to outline the parameters of the defense, as, at this time, there is no record before us on which we may review these issues. We remand and return the matter to the trial court for completion.

¶ 10 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Judge BRIAN concur in Justice NEHRING's opinion.

¶ 11 Having disqualified herself, Justice PARRISH does not participate herein; District Judge PAT B. BRIAN sat.