2021 UT App 65

# THE UTAH COURT OF APPEALS

KNIGHT ADJUSTMENT BUREAU,
Appellee,
*v.*
MICHAEL FUNARO,
Appellant.

Opinion
No. 20190779-CA
Filed June 24, 2021

Third District Court, West Jordan Department
The Honorable James D. Gardner
No. 120405055

Ronald Ady, Attorney for Appellant

Jay V. Barney, Attorney for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

HAGEN, Judge:

¶1    Michael Funaro successfully moved to set aside a default judgment obtained against him by Knight Adjustment Bureau (Knight) on the grounds that he was never properly served with the complaint. Knight ultimately chose not to serve Funaro and voluntarily dismissed the case. Although the judgment was set aside and the case dismissed, Funaro now appeals, arguing that the district court should have gone further by dismissing the case with prejudice and awarding him attorney fees. We conclude that the court correctly denied Funaro's request to dismiss the case with prejudice. However, we conclude that the court had jurisdiction to entertain Funaro's motion for attorney fees, and we remand for the court to determine whether Funaro is entitled to those fees as the prevailing party.

BACKGROUND

¶2     In 2009, Funaro co-signed an auto loan for his wife's friend (the friend). The friend defaulted on the loan, and Knight, the assignee of the loan financer, filed suit against Funaro and the friend.

¶3     Knight filed the complaint, summons, and a proof of service with the district court in mid-April 2012. The process server affirmed that he had personally served Funaro with a copy of the complaint and summons on April 4, but he noted the following "Additional Information Pertaining to this Service":

> 4/4/2012 11:45 am Man answered door, was upset, I asked if he was Michael Funaro, he said he didn't need to tell me. I asked for ID, he said I am not a cop and shut the door. Spoke with the neighbors who said a man & woman live[] there. I felt it is [Funaro] & [the friend]. I left serv[ice] at the door.

¶4     Neither Funaro nor the friend filed an answer or otherwise appeared in the matter. Consequently, the district court entered default judgments against both of them.

¶5     Funaro first learned of the judgment six years later when his wages were garnished. Shortly thereafter, Funaro filed a motion pursuant to rule 60(b)(4) of the Utah Rules of Civil Procedure, asking the court to set aside the default judgment against him. In support of the motion, Funaro declared that he had not lived at the listed address since 2010 and never received the complaint and summons. Funaro argued that the service of process was "facially insufficient because it asserts only that the summons and complaint were served upon an unidentified man without ever determining whether the address where service was effected was Mr. Funaro's residence or usual place of abode." Because the purported service was defective, Funaro argued that the district court never acquired personal

jurisdiction over him and was required to set aside the default judgment as void. In connection with the rule 60(b)(4) motion, Funaro further argued that the entire case should be dismissed with prejudice because Knight never properly commenced the action and because the applicable statute of limitations had since run. Funaro also requested an award of attorney fees as the prevailing party.

¶6 The district court scheduled an evidentiary hearing, but before Funaro called his first witness, Knight conceded that the evidence would show that Funaro had not been personally served. Accordingly, the court set aside the default judgment as void. However, it denied Funaro's motion to dismiss with prejudice, explaining that "failure to serve a defendant . . . doesn't result in dismissal" but "just means [the court does not] have jurisdiction over that defendant" until he is properly served. The court recognized that once service was accomplished, Funaro could proceed to raise his untimeliness arguments along with any other defenses. The court also declined to rule on Funaro's request for attorney fees on the ground that the case was still ongoing and Funaro had not yet prevailed.

¶7 Knight ultimately chose not to serve Funaro. Instead, it filed a notice of voluntary dismissal without prejudice pursuant to rule 41(a) of the Utah Rules of Civil Procedure.

¶8 Funaro responded by filing a motion for attorney fees, arguing that he was the prevailing party because the applicable statute of limitations had run and Knight would not be able to refile the lawsuit. Funaro argued that because Knight never served the summons and complaint on Funaro, it never properly commenced the action under rule 3(a)(2) of the Utah Rules of Civil Procedure and could not avail itself of the savings statute, which allows a plaintiff to commence a new action within one year when a "timely filed" action fails "otherwise than upon the

merits." *See* Utah Code Ann. § 78B-2-111(1) (LexisNexis 2018). Therefore, Funaro argued, Knight's voluntary dismissal was "effectively a dismissal with prejudice due to the intervening statute of limitations." And because he defeated Knight's claim, Funaro asserted that he was the prevailing party and entitled to attorney fees pursuant to Utah's reciprocal fee statute. *See id.* § 78B-5-826.

¶9 Knight opposed Funaro's motion for attorney fees, arguing that its voluntary dismissal deprived the court of jurisdiction to take any further action. Knight further argued that, if Funaro's arguments were correct, then the court lacked jurisdiction to consider the motion because Funaro was never served, and thus the court never obtained personal jurisdiction over him.

¶10 After full briefing, the district court denied Funaro's motion for attorney fees. The court explained that if it assumed, without deciding, "that Funaro is correct and that neither [Funaro nor the friend] was served with process and, therefore, no action was ever commenced, then the Court never acquired jurisdiction over the instant action." And if it never acquired jurisdiction, the court reasoned, it lacked the power to take any action beyond dismissing the case. The court summarized its decision by stating, "Whether [Knight] never commenced an action, whether it was deemed dismissed back in 2012, or whether it was voluntarily dismissed by [Knight] this year, it is clear that nothing remains pending before the Court at this time."

## ISSUES AND STANDARDS OF REVIEW

¶11 Funaro now appeals, challenging the court's ruling on multiple grounds. First, he argues that the district court should have dismissed the case with prejudice for lack of subject matter jurisdiction because Knight never properly commenced the

action by serving him with the summons and complaint. Second, Funaro argues that the district court should have dismissed the case with prejudice because the statute of limitations had run. Third, Funaro argues that the district court erred in ruling that it lacked jurisdiction to entertain his motion for attorney fees. Although Funaro maintains that the court lacked subject matter jurisdiction over the action generally, he contends that the court obtained "separate subject matter jurisdiction" over his motion for attorney fees pursuant to his rule 60(b) motion.

¶12    The first and third issues involve jurisdictional questions. "Whether a district court has subject matter jurisdiction over a proceeding is a matter of law, which we review for correctness." *In re adoption of B.B.*, 2017 UT 59, ¶ 16, 417 P.3d 1. As to the second issue, whether the district court properly declined to rule on the statute of limitations defense involves interpretation of the rules of civil procedure and questions of ripeness, both of which we also review for correctness. *See Ghidotti v. Waldron*, 2019 UT App 67, ¶ 8, 442 P.3d 1237 (rules of civil procedure); *Heughs Land, LLC v. Holladay City*, 2005 UT App 202, ¶ 5, 113 P.3d 1024 (ripeness).

ANALYSIS

I. Subject Matter Jurisdiction

¶13    On appeal, both parties take the position that the district court never acquired subject matter jurisdiction over this case because the action was never commenced by service of the summons and complaint as contemplated by rule 3(a)(2) of the Utah Rules of Civil Procedure. Funaro maintains that by failing to properly serve him or the friend, Knight "also failed to invoke the district court's subject matter jurisdiction over [its] claims." As a result, Funaro contends, Knight could not voluntarily

dismiss the case without prejudice.[1] For its part, Knight maintains that the lack of subject matter jurisdiction means that the district court did not have authority to entertain Funaro's request to dismiss the case with prejudice or to award attorney fees.

¶14    Rule 3 of the Utah Rules of Civil Procedure governs the commencement of a civil action. That rule provides, in relevant part, as follows:

> **(a) How Commenced.** A civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons together with a copy of the complaint in accordance with Rule 4. If the action is commenced by the service of a summons and a copy of the complaint, then the complaint, the summons and proof of service, must be filed within ten days of such service. If, in a case commenced under paragraph (a)(2) of this rule, the complaint, summons and proof of service are not filed within ten days of service, the action commenced shall be deemed dismissed and the court shall have no further jurisdiction thereof. . . .
>
> **(b) Time of Jurisdiction.** The court shall have jurisdiction from the time of filing of the complaint

---

1. Although it is not spelled out in Funaro's opening brief, we understand that Funaro seeks a ruling on this issue to prevent Knight from refiling this case by relying on Utah's savings statute. *See supra* ¶ 8. In his reply brief, Funaro contends that failure to serve the summons and complaint means that Knight "never timely filed a Rule 3(a)(2) action and never timely commenced an action as is required by [the savings statute]."

or service of the summons and a copy of the complaint.

¶15    Funaro argues that because he was never properly served, the action was never "commenced" under rule 3(a)(2) and therefore the district court never obtained jurisdiction under rule 3(b). Alternatively, he argues that because the proof of service was insufficient on its face, the action was "deemed dismissed on April 14, 2012, ten days after the date of the alleged service," and according to the rule, the district court had "no further jurisdiction" at that point.

¶16    Funaro confuses the concepts of subject matter jurisdiction and personal jurisdiction. "Subject matter jurisdiction concerns a court's power to hear a case." *Iota LLC v. Davco Mgmt. Co.*, 2016 UT App 231, ¶ 44, 391 P.3d 239 (cleaned up). Subject matter jurisdiction is a narrow concept that is limited to "(a) statutory limits on the authority of the court to adjudicate a class of cases, and (b) timing and other limits on the justiciability of the proceeding before the court (such as standing, ripeness, and mootness)." *In re Adoption of B.B.*, 2017 UT 59, ¶ 121, 417 P.3d 1 (Lee, A.C.J., opinion of the Court on this issue) (cleaned up). On the other hand, "personal jurisdiction is the court's ability to exercise its power over a person for the purposes of adjudicating his or her rights and liabilities." *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 8, 100 P.3d 1211 (cleaned up).

¶17    There is no question that the district court has subject matter jurisdiction to adjudicate debt collection cases, the class of cases to which this case belongs. *See In re adoption of B.B.*, 2017 UT 59, ¶ 143 (observing that Utah "district courts are courts of general jurisdiction" with "general power to hear 'all matters civil and criminal' so long as they are 'not excepted in the Utah Constitution and not prohibited by law'" (quoting Utah Code Ann. § 78A-5-102(1))). But Funaro nevertheless contends that the district court's jurisdiction over the subject matter of this

particular case was never invoked. Specifically, quoting *Upper Blue Bench Irrigation Dist. v. Continental Nat. Bank & Trust Co.*, 72 P.2d 1048, 1053 (Utah 1937)), he argues that "in the action below there was an 'entire failure to invoke the court's jurisdiction over the subject matter'" because Knight "attempted service of process 'in a manner wholly inadequate to bring the court's powers into activity.'" We disagree.

¶18     Under rule 3(b), subject matter jurisdiction vests with the district court when the complaint is filed or when the summons and a copy of the complaint are served. Utah R. Civ. P. 3(b); *cf. State v. Smith*, 2014 UT 33, ¶ 24, 344 P.3d 573 (citing 5(a) of the Utah Rules of Criminal Procedure for the proposition that "subject matter jurisdiction vests with the district court upon the filing of an information"). If the plaintiff elects to commence a case under rule (3)(a)(2), the plaintiff is required to file the "complaint, the summons and proof of service . . . within ten days of such service." Utah R. Civ. P. 3(a)(2). But nothing in the rule requires that the proof of service be effective—or even sufficient on its face—before the court can exercise subject matter jurisdiction over the action.

¶19     Instead, whether a defendant has been properly served affects only personal jurisdiction. If a defendant has not been properly served, "such as by personal service, service by mail, or service by publication," the "court lacks personal jurisdiction" over that defendant. *Cooper v. Dressel*, 2016 UT App 246, ¶ 3, 391 P.3d 338; *see also Wittingham, LLC v. TNE Ltd. P'ship*, 2020 UT 49, ¶ 45, 469 P.3d 1035 (stating that if a "party fails to properly serve a defendant, the defendant can assert the affirmative defense that the court lacks personal jurisdiction as a result of insufficient service of process"). "And judgments entered by a district court lacking personal jurisdiction over the defendant are void." *Cooper*, 2016 UT App 246, ¶ 3. Therefore, whether the defendant has been properly served impacts whether the court

has personal jurisdiction over the defendant, not whether the court has subject matter jurisdiction over the case.

¶20 Here, even if Knight did not properly serve Funaro on April 4, Knight properly invoked the district court's subject matter jurisdiction when it filed the complaint with the court. After Funaro moved to set aside the judgment, Knight conceded that the attempted service did not comply with the personal service requirements of rule 4(d)(1).[2] Because the service was deficient, the district court lacked personal jurisdiction over Funaro, rendering the default judgment void. *See id.* Accordingly, the court properly set aside the judgment as void pursuant to rule 60(b)(4).

¶21 But the deficient service did not affect the court's subject matter jurisdiction over the action. As the court recognized, the failure to serve a defendant "just means [the court doesn't] have [personal] jurisdiction over that defendant" until he is properly served. The court's subject matter jurisdiction over the action was properly invoked when the complaint was filed, and that subject matter jurisdiction remained invoked until Knight filed its notice of voluntary dismissal, which had the effect of dismissing the case without prejudice. *See* Utah R. Civ. P. 41(a)(1)(B) (providing that, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice"). Because the defect in service did not deprive the district court of subject matter jurisdiction, the court correctly rejected Funaro's invitation to dismiss the case with prejudice on that basis.

---

2. In relevant part, the rule provides that personal service may be accomplished "by delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there." Utah R. Civ. P. 4(d)(1)(A).

## II. Statute of Limitations

¶22 The court also correctly rejected Funaro's invitation to dismiss the case "with prejudice due to the intervening statute of limitations." Funaro contends that he was entitled to a dismissal with prejudice because the applicable statute of limitations has since expired, thereby extinguishing Knight's right to refile the action.

¶23 The district court correctly declined to address, within the context of a rule 60(b) motion, Funaro's request to dismiss the underlying case. Under rule 60(b), a "court may relieve a party or its legal representative from a judgment" for multiple reasons, including if "the judgment is void." Utah R. Civ. P. 60(b)(4). The rule is limited to granting relief from a judgment and provides no other remedies. *See id.* R. 60(b). A motion to set aside a judgment, even if granted, does not result in the dismissal of the underlying case, with or without prejudice. *See id*. The only action the district court could take in response to Funaro's motion was to set aside the default judgment, which it did.

¶24 Funaro's request to dismiss the case based on the statute of limitations was not only beyond the scope of a rule 60(b) motion but was also premature. An issue is ripe for adjudication "only when it has sharpened into an actual or imminent clash of legal rights." *Pett v. Autoliv ASP, Inc.*, 2005 UT 2, ¶ 4, 106 P.3d 705 (cleaned up). "Where there exists no more than a difference of opinion regarding the hypothetical application of [the] law to a situation in which the parties might, at some future time, find themselves, the question is unripe for adjudication." *Id.* (cleaned up). As the district court explained below, if Knight had chosen to pursue the action by properly serving Funaro, Funaro could have then raised any defenses, including the statute of limitations. But those defenses cannot be raised in the context of a rule 60(b) motion, which by definition seeks only relief from the judgment and not dismissal of the underlying case.

### III. Attorney Fees

¶25    Lastly, Funaro argues that the district court should have awarded him reasonable attorney fees as the prevailing party. The loan contract at issue provided that, if the debtor defaulted, the debtor would pay the lender's "costs for collecting amounts owing," including attorney fees. Funaro argues that this provision entitles him to an award of attorney fees pursuant to Utah's reciprocal attorney fee statute, which allows a court to "award costs and attorney fees to either party that prevails in a civil action based upon any . . . written contract," when that contract "allow[s] at least one party to recover attorney fees." Utah Code Ann. § 78B-5-826 (LexisNexis 2018).

¶26    The district court did not reach the question of whether Funaro was the prevailing party in this action within the meaning of the reciprocal attorney fee statute. Instead, the court ruled that it lacked jurisdiction to consider the fee request. The court explained that "[a]ssuming that Funaro is correct and that neither [Funaro nor the friend] was served with process and, therefore, no action was ever commenced, then the court never had jurisdiction over the instant action." In other words, the court reasoned that "under Funaro's theory of the case, the very thing that makes him a prevailing party also results in a lack of jurisdiction to consider the fee request."

¶27    As explained in Part I, Funaro's theory of the case is incorrect. The district court lacked personal jurisdiction over Funaro because he was never served. But the court obtained subject matter jurisdiction over the case at the time the complaint was filed with the court. The fact that the court never obtained personal jurisdiction over Funaro did not deprive it of jurisdiction to award attorney fees against Knight.

¶28    "Simply because a court concludes that it lacks personal jurisdiction over a *defendant* does not necessarily mean that it lacks authority to rule on a collateral matter as it relates to a

*plaintiff.*" *Bautista v. Gallery*, 2009 WL 10672521, Nos. CV 08-3717(RZx), CV 08-6262(RZx), at *2 (C.D. Cal. Apr. 23, 2009) (emphasis in original). The court is not required to "have personal jurisdiction over *each* party to a lawsuit in order to enforce a judgment against one party to that lawsuit," so long as the court has "personal jurisdiction over the person against whom the judgment is being enforced." *Id.* at *3. And, by filing the action, "the plaintiff consents to the personal jurisdiction of the court whose jurisdiction the plaintiff invoked." Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 Mich. L. Rev. 1463, 1466 (2019); *see also Adam v. Saenger*, 303 U.S. 59, 67 (1938) (stating that the plaintiff "by his voluntary act in demanding justice from the defendant[] submitted himself to the jurisdiction of the court"); *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 818 (W.D. Mich. 2002) ("A court may lack personal jurisdiction over a defendant, but never over a plaintiff, who consents to such jurisdiction by filing suit.").

¶29 An order awarding attorney fees to Funaro would not "compel any act or impose any liability upon [him]," and therefore "does not purport to exercise jurisdiction over [his] person." *See Shisler v. Sanfer Sports Cars, Inc.*, 83 Cal. Rptr. 3d 771, 777 (Cal. Ct. App. 2008). Rather, such an order would impose liability upon Knight, over whom the district court unquestionably had personal jurisdiction. *See id.* "Since the trial court had jurisdiction of the subject matter and jurisdiction over [Knight], there was no jurisdictional impediment to [Funaro] specially appearing to call upon the trial court to enforce [his] statutory right to fees." *See id.*

¶30 Although we conclude that the district court had jurisdiction to entertain Funaro's motion for attorney fees, we express no opinion on whether Funaro is entitled to fees as the prevailing party under the reciprocal fee statute. Because the question of which party is the prevailing party depends "on the context of each case, . . . it is appropriate to leave this

determination to the sound discretion of the trial court." *See R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. Given that the district court did not reach this issue, we remand to the district court for it to undertake a prevailing party analysis in the first instance.[3]


CONCLUSION

¶31    We conclude that Knight properly invoked the district court's subject matter jurisdiction when it filed the complaint with the court, and any inadequacy in service of process went only to the district court's ability to exercise personal jurisdiction over Funaro. Additionally, the court did not err in refusing, in the context of a rule 60(b) motion, to dismiss the entire underlying case on statute of limitations grounds. However, because the court had jurisdiction to consider Funaro's motion for attorney fees, we remand to the district court to determine whether Funaro is entitled to fees as the prevailing party under the reciprocal fee statute.

_____

3. Funaro also requests his attorney fees on appeal. Specifically, he contends that "if this Court reverses the district court and rules that Defendant Funaro was the prevailing party, thus entitling him to attorney fees at the trial level, then he is also entitled to attorney fees in this appeal, and to have the case remanded to the district [court] to determine the amount of the Defendant Funaro's attorney fees at the trial level and on appeal." We have not ruled that Funaro was the prevailing party, only that the district court has jurisdiction to decide that question. And given that Knight prevailed on the other two issues that Funaro raised, we decline to award Funaro attorney fees on appeal. *See Eberhard v. Eberhard*, 2019 UT App 114, ¶ 58, 449 P.3d 202 (declining to award attorney fees in an appeal with mixed results).