STATE of Utah, Plaintiff and Appellee,

v.

Kraig James CANFIELD, Defendant and Appellant.

No. 960085–CA.

Court of Appeals of Utah.

May 16, 1996.

Kraig James Canfield, Draper, Appellant Pro Se.

Jan Graham and J. Kevin Murphy, Salt Lake City, and R. Don Brown, Richfield, for Appellee.

Before ORME, DAVIS and JACKSON, JJ.

OPINION

PER CURIAM:

Appellant Kraig James Canfield appeals from an order denying his motion to withdraw his guilty plea. We affirm.

On October 4, 1994, Canfield entered a guilty plea to one count of forcible sodomy, a first degree felony, in violation of Utah Code Ann. § 76–5–403 (1995). At the time of entry of the plea, the trial court advised Canfield, "You've got 30 days from today to change your mind about pleading guilty, but you can only change your mind if you ask me in writing and if I give you permission to change your mind." The court also restated the time limitation, telling Canfield that "there's a deadline for asking and it's 30 days from today."

The time for making a motion to withdraw the guilty plea expired on November 3, 1994. Appellant sent a letter to the trial court seeking permission to withdraw his plea. That letter was dated November 2, 1994, and

bore a stamp indicating "RECEIVED MAIL OFFICE NOV 4 1994 UTAH STATE PRISON." The letter was date-stamped by the trial court clerk as filed on November 7, 1994. The trial court denied the motion to withdraw and a related motion to dismiss because the motions were "not timely made, i.e., within 30 days of entry of his plea, and not based upon good cause shown."

◼ Utah Code Ann. § 77–13–6(2)(b) (1995) requires a request to withdraw a plea of guilty or no contest to be "made within 30 days after the entry of the plea." In *State v. Price*, 837 P.2d 578, 583 (Utah App.1992), this court held that the thirty-day time period for moving to withdraw a guilty plea is jurisdictional. Accordingly, if a defendant is advised of the deadline when the plea is entered, the trial court lacks jurisdiction to consider a motion to withdraw filed after the thirty-day period.

Canfield's motion was not received in the trial court until November 7, 1994, four days after the expiration of the time period for making a motion to withdraw. Canfield urges this court to adopt the "prison mailbox" rule of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) for purposes of his plea withdrawal motion. The United States Supreme Court, interpreting the Federal Rules of Appellate Procedure, held in *Houston* that a pro se inmate's notice of appeal was timely filed because it was delivered to prison authorities for mailing to the court clerk before the notice of appeal deadline, although it was not received until after the deadline. *Id.* at 276, S.Ct. at 2385. A recent Ninth Circuit case relied upon by Canfield applied the *Houston* holding to the

filing of a post-trial motion. *See Caldwell v. Amend*, 30 F.3d 1199 (9th Cir.1994).

◼ We decline to consider Canfield's request because application of the "prison mailbox" rule in this case would not make the motion to withdraw timely. Based upon the date-stamped envelope appearing in the trial court record, Canfield's motion was received by the prison's mail office on November 4, 1994, one day after the expiration of the time for making a motion to withdraw. There is no support in the record for Canfield's assertion he delivered the letter to prison authorities for mailing prior to November 4, 1994. We conclude the motion to withdraw was not filed within the deadline prescribed by section 77–13–6(2)(b).

◼ In July 1995, Canfield also filed a motion to dismiss the amended information. The motion is largely duplicative of arguments made in the untimely motion to withdraw. The motion to dismiss is without merit. The amended information was prepared to reflect the charge resulting from Canfield's guilty plea pursuant to a plea bargain. Any alleged pre-plea defects, including the absence of a preliminary hearing, were waived by entry of the guilty plea. Accordingly, the claims in the motion to dismiss, even if deemed timely, were without merit.

The judgment is affirmed.