**2013 UT App 52**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

SHAWN MICHAEL SMITH,

*Defendant and Appellant.*

Opinion
No. 20110319-CA
Filed February 28, 2013

Fifth District, Cedar City Department
The Honorable G. Michael Westfall
No. 101500429

Herschel Bullen, Attorney for Appellant
John E. Swallow and Jeanne B. Inouye, Attorneys for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES CAROLYN B. MCHUGH
and MICHELE M. CHRISTIANSEN concurred.

DAVIS, Judge:

¶1     Shawn Michael Smith appeals from his conviction and
sentence for second degree felony possession or use of a controlled
substance in a drug-free zone, *see* Utah Code Ann. § 58-37-8(2)(a)(i)
(LexisNexis 2012), following a guilty plea. We reverse and remand.

BACKGROUND

¶2 On or about July 20, 2010, Adult Probation and Parole agents found crystal methamphetamine in Smith's bedroom. Smith and his wife (Wife) both admitted to having smoked methamphetamine that morning and both tested positive for methamphetamine. Subsequently, the Division of Child and Family Services (DCFS) took custody of the couple's two children.

¶3 Smith and Wife reached a joint plea agreement with the State, wherein Smith agreed to plead guilty to a second degree felony and Wife agreed to plead guilty to a class A misdemeanor. Their apparent goal was to keep Wife out of jail so that she could participate in a reunification plan with DCFS and regain custody of the children. A preliminary hearing was scheduled for August 4, 2010. However, when Smith appeared at that hearing, counsel and the court immediately proceeded with the business of discussing his guilty plea. The district court never asked Smith whether he was willing to waive his right to a preliminary hearing, and Smith's written plea statement did not refer to this right.[1]

---

1. Smith was sentenced by a different district court judge than the one who took his plea. Just before the district court announced Smith's sentence, the following exchange took place:

> THE COURT: . . . I don't know if Judge Walton has the practice of making sure that in a felony case, you have waived your right to a preliminary hearing, but I want to make sure we address that at this point.
>
> . . . I want to make sure that you understand that you have the right to have a preliminary hearing. I don't know if you waived your right to a preliminary hearing or not before you entered your plea. But if I proceed to sentencing today, that means you will never have a preliminary hearing. Do you

(continued...)

Nevertheless, Smith pleaded guilty to second degree felony possession or use of a controlled substance in a drug-free zone in accordance with the plea agreement. Both Smith and Wife were represented by the same attorney throughout this process.

¶4      On September 1, 2010, Smith filed a Notice of Conflict and Request for Counsel, expressing concern that his attorney was incapable of providing him with effective representation because he was also representing Wife. At a hearing on September 14, 2010, the district court permitted Smith's attorney to withdraw and appointed new counsel to represent him. On February 9, 2011, Smith filed a motion to withdraw his guilty plea, arguing that the plea was not knowing and voluntary. Specifically, Smith claimed that his attorney's joint representation of both him and Wife was a conflict of interest that resulted in Smith being "improperly and unduly influenced or coerced to enter his own guilty plea," which "benefitted his wife to his detriment." He also claimed that he was confused at the hearing and could not remember it afterward because he was not taking necessary medications at the time. However, when Smith appeared before the court for a hearing on his motion to withdraw, he reluctantly informed the court that he wanted to withdraw the motion to withdraw the plea and proceed with sentencing. The district court sentenced Smith, and this appeal followed.

---

1. (...continued)
        understand that?
                MR. SMITH: I don't know what happened
        with my—that's fine, I—I guess.
This discussion, occurring after Smith had already entered his guilty plea, is the only record instance of which we are aware that Smith was informed of his right to a preliminary hearing and given the opportunity to waive it.

ISSUE AND STANDARD OF REVIEW

¶5     Smith argues that the district court erred by accepting his plea and sentencing him without a bindover.[2] Smith maintains that this error deprived the district court of jurisdiction to entertain his plea and that his plea was therefore invalid. Whether a court has subject matter jurisdiction is "a question of law, which we review for correctness, granting no deference to the district court." *State v. Nicholls*, 2006 UT 76, ¶ 3, 148 P.3d 990.

ANALYSIS

¶6     The State asserts that we lack jurisdiction to consider the validity of Smith's plea because he failed to file a timely motion to withdraw his plea. When a defendant pleads guilty, he "waives all nonjurisdictional defects, including alleged pre-plea constitutional violations." *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (citation and internal quotation marks omitted). Thus, "failure to withdraw a guilty plea within the time frame dictated by [Utah Code] section 77-13-6 deprives [both] the trial court and appellate

---

2. Smith also argues that the district court lacked jurisdiction because the information was defective and because his attorney's joint representation of Wife was a conflict of interest that denied him the right to counsel. In light of the manner in which we dispose of the bindover issue, we need not consider these other claims of error. We do observe, however, that his assertion that a conflict of interest on the part of his counsel created a jurisdictional bar invalidating his guilty plea is questionable in light of the supreme court's decision in *State v. Rhinehart*, 2007 UT 61, 167 P.3d 1046, in which it held "that claims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by [Utah Code] section 77-13-6" and therefore not reviewable by this court, *see id.* ¶ 14. *See generally* Utah Code Ann. § 77-13-6 (LexisNexis 2012).

courts of jurisdiction to review the validity of the plea." *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344. *See generally* Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2012) ("A request to withdraw a plea of guilty . . . shall be made by motion before sentence is announced."). This applies also to review of the constitutionality of pre-plea proceedings. *See Rhinehart*, 2007 UT 61, ¶¶ 16–18 (holding that the court lacked jurisdiction to evaluate the defendant's claim that she was denied the right to confront witnesses during her preliminary hearing, explaining that a defendant "cannot achieve through a challenge to the bindover what she was foreclosed from doing by [Utah Code] section 77-13-6—assail the lawfulness of her plea"). However, Smith argues that the errors he claims are jurisdictional and that "errors affect[ing] the court's jurisdiction" are excepted from the general rule, *see id.* ¶ 15, because subject matter jurisdiction cannot be waived, *State v. Todd*, 2004 UT App 266, ¶ 9, 98 P.3d 46 (explaining that "[s]ubject matter jurisdiction . . . can neither be waived nor conferred by consent of the accused" and that an "[o]bjection to the jurisdiction of the court over the subject matter may be urged at any stage of the proceedings" (citation and internal quotation marks omitted)), *rev'd on other grounds*, 2006 UT 7, 128 P.3d 1199.

¶7 The parties do not dispute that Smith neither received a preliminary hearing nor waived his right to one prior to the time the guilty plea was accepted by the court and was thus never bound over to answer in the district court. They dispute only whether this error was jurisdictional. Smith asserts that because he was never formally bound over, the district court never obtained subject matter jurisdiction over the case, while the State maintains that this error was waivable and thus subject to challenge only under the Post-Conviction Remedies Act, *see* Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012). We agree with Smith that a failure to bind over a defendant following either a preliminary hearing or the waiver of the right to a preliminary hearing is a jurisdictional defect that renders his guilty plea void.

¶8      The State asserts that bindover is unnecessary in order for the district court to exercise jurisdiction, pointing out that the "district court has original jurisdiction in all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law." *See id.* § 78A-5-102(1). Because Smith's case is "one of the type of cases the [district] court has been empowered to entertain," *see Myers v. State*, 2004 UT 31, ¶ 16, 94 P.3d 211 (citation and internal quotation marks omitted), the State asserts that the court had jurisdiction to take and enter the guilty plea.

¶9      However, even where a court has subject matter jurisdiction over a particular type of case, it may be unable to exercise that jurisdiction where certain procedural prerequisites have not been met to invoke it. For example, regardless of whether we have subject matter jurisdiction over a particular class of cases, this court may not exercise that jurisdiction where the order appealed from is not final, *see Bradbury v. Valencia*, 2000 UT 50, ¶¶ 8–14, 5 P.3d 649, or where the notice of appeal has not been timely filed, *see Todd*, 2004 UT App 266, ¶ 21. *See generally* Utah Code Ann. § 78A-4-103 (LexisNexis 2012) (outlining the court of appeals' subject matter jurisdiction). Similarly, while the district court may have original jurisdiction over criminal cases, there are procedural limits on its ability to exercise that jurisdiction. Specifically, in criminal cases in which a defendant is entitled to a preliminary hearing, "the district court does not acquire jurisdiction until after a bindover order issues and the information and all other records are transferred to the district court." *State v. Humphrey*, 823 P.2d 464, 465 n.2 (Utah 1991).

¶10     The State's argument focuses on the jurisdictional effect of the district court's failure to hold a preliminary hearing, asserting that because a preliminary hearing may be waived, the unconstitutional denial of that hearing is nonjurisdictional and can be contested only by virtue of a petition for post-conviction relief. *See* Utah Code Ann. § 77-13-6(c) ("Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post-Conviction Remedies

Act, and Rule 65C, Utah Rules of Civil Procedure."); *Rhinehart*, 2007 UT 61, ¶ 15 ("Except in those instances in which errors affect the court's jurisdiction or where claims of error are expressly preserved for appeal, a conviction or guilty plea acts as a waiver of earlier procedural flaws."). While we agree that constitutional and other defects in the preliminary hearing or waiver thereof are nonjurisdictional, *see, e.g.*, *Rhinehart*, 2007 UT 61, ¶¶ 16–18 (holding that depriving a defendant of the right to confront witnesses at a preliminary hearing was a nonjurisdictional defect that could be waived via a guilty plea), the complete lack of a bindover order in this case—based on either a determination of probable cause following a preliminary hearing or a determination that the defendant waived the right to a preliminary hearing,[3] *see* Utah R. Crim. P. 7(h)(1), (i)(2)—deprived the district court of jurisdiction to entertain Smith's guilty plea.[4] *See Humphrey*, 823 P.2d at 465 n.2.

---

3. Claims relating to the validity of the waiver itself are waivable and thus not reviewable by any means other than a petition for post-conviction relief once a guilty plea and sentence have been entered. *See Rhinehart*, 2007 UT 61, ¶ 15 (explaining that a guilty plea "waives all nonjurisdictional defects, including alleged pre-plea constitutional violations" (citation and internal quotation marks omitted)). Thus, even a constitutionally defective waiver of a defendant's right to a preliminary hearing could invest the district court with *jurisdiction* if it resulted in a bindover. However, in this case, no waiver—valid or otherwise—was effected prior to the time the district court accepted and entered Smith's guilty plea, and thus Smith was never bound over at all.

4. The State relies on this court's holding in *State v. Canfield*, 917 P.2d 561 (Utah Ct. App. 1996) (per curiam), that "[a]ny alleged pre-plea defects, including the absence of a preliminary hearing, were waived by entry of the guilty plea" in support of its assertion that the lack of a preliminary hearing is not jurisdictional. *See id.* at 562. However, it is unclear from the factual background contained in

(continued...)

CONCLUSION

¶11  We hold that a district court cannot exercise its jurisdiction to accept a guilty plea until the defendant has been bound over following either a preliminary hearing or the defendant's waiver of a preliminary hearing. Because the lack of a bindover in this case deprived the district court of jurisdiction to accept Smith's guilty plea, that plea is invalid.[5] Accordingly, we reverse and remand for further proceedings.

———————

4. (...continued)

that short per curiam decision whether the defendant, in spite of apparently not having had a preliminary hearing, was actually bound over to answer in the district court. Because we determine that it is the bindover itself that has jurisdictional implications, not the events resulting in the bindover, this isolated statement from the *Canfield* court is not helpful to our analysis.

5. We express no opinion regarding the effect this ruling may have on the joint plea agreement involving Wife.