*This opinion is subject to revision before final publication in the Pacific Reporter*

**2014 UT 34**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Plaintiff and Appellee,*

*v.*

BRAD JAY YOUNG,
*Defendant and Appellant.*

No. 20111002
Filed August 26, 2014

Third District, West Jordan
The Honorable Mark S. Kouris
No. 111400047

Attorneys:

Sean D. Reyes, Att'y Gen., Jeanne B. Inouye,
Laura B. Dupaix, Asst. Att'y Gen., Salt Lake City, for appellee

Herschel Bullen, Salt Lake City, for appellant

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which
ASSOCIATE CHIEF JUSTICE NEHRING, JUSTICE DURHAM,
JUSTICE PARRISH, and JUSTICE LEE joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

### Introduction

¶1 This appeal raises the same question presented in *State v. Smith*,[1] which we issued today—namely, whether a district court lacks subject matter jurisdiction to accept a defendant's guilty plea when the defendant was not bound over following either a

---

[1] 2014 UT 33.

preliminary hearing or an express waiver of the right to a preliminary hearing. As we noted in that opinion, a district court obtains subject matter jurisdiction when an information is filed.[2] Consonant with *Smith*, we hold in this opinion that the district court had jurisdiction to accept defendant Brad Young's plea even though it did not conduct a preliminary hearing, obtain an express waiver of Mr. Young's right to a preliminary hearing, or issue a bindover order.

## Background

¶2     In December 2010, Mr. Young had sexual intercourse with thirteen-year-old A.S., who was his fiancée's niece. He also gave alcohol to A.S. and two other minors who were present. The following month, the State of Utah filed a criminal information against Mr. Young for one count of rape of a child and three counts of supplying alcohol to a minor. Two months later, the State filed an amended information that added five more counts of rape of a child, all involving A.S. During a subsequent scheduling conference, the parties requested a preliminary hearing, which was set for June 21, 2011. On the day scheduled for his preliminary hearing, Mr. Young pled guilty to one count of attempted aggravated sexual abuse of a child, a first-degree felony, and the State dismissed the remaining counts.

¶3     In conjunction with the plea, and in compliance with rule 11 of the Utah Rules of Criminal Procedure, the district court informed Mr. Young that he was waiving a number of constitutional rights by entering the plea. The colloquy did not include a specific mention, however, of Mr. Young's constitutional right to a preliminary hearing. Mr. Young was sentenced three months later, on September 13, 2011, to a term of three years to life. He did not challenge his plea before sentencing.

¶4     On November 1, 2011, Mr. Young filed, pro se, an untimely notice of appeal in the district court. The district court ultimately reinstated the time for filing a notice of appeal under rule 4(f) of the Utah Rules of Appellate Procedure, and Mr. Young filed a timely notice of appeal on September 10, 2012. We poured the case over to the Utah Court of Appeals but then recalled the case after granting a writ of certiorari in *State v. Smith*.[3] Because the district court neither conducted a preliminary hearing nor obtained a waiver

---

[2] *Id*. ¶ 18.

[3] 2014 UT 33.

of Mr. Young's right to a preliminary hearing, Mr. Young argues that the district court lacked subject matter jurisdiction to enter his plea. We have jurisdiction over this appeal pursuant to Utah Code section 78A-3-102(3)(i).

**Standard of Review**

¶5     In this case we are asked to review whether the district court had subject matter jurisdiction to enter a guilty plea. "Challenges to subject matter jurisdiction present questions of law, which we . . . review for correctness."[4]

**Analysis**

¶6     Because Mr. Young failed to withdraw his plea before sentencing, he may do so only by establishing that the district court lacked jurisdiction to enter the plea.[5] Accordingly, he argues that the district court lacked subject matter jurisdiction to enter his guilty plea because he "was neither afforded the right to a preliminary hearing nor did he waive [his] preliminary hearing, prior to entry of his plea of guilty."

¶7     But as we held in *State v. Smith*, a district court's subject matter jurisdiction is not contingent on its entry of a bindover order; rather, "a district court acquires subject matter jurisdiction over a case upon the filing of an information in the court."[6] In *Smith*, we reviewed important changes to the district court and former circuit court system involving bindover orders and the transfer of jurisdiction. Before the two systems merged, the district court typically did not acquire jurisdiction over criminal cases until the circuit court issued a bindover order.[7] The two systems merged

---

[4] *Westgate Resorts, Ltd. v. Consumer Prot. Grp., LLC*, 2012 UT 56, ¶ 9, 289 P.3d 420 (internal quotation marks omitted).

[5] UTAH CODE § 77-13-6(2)(b) ("A request to withdraw a plea of guilty or no contest, except for a plea held in abeyance, shall be made by motion before sentence is announced."); *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344 ("We have previously held that failure to withdraw a guilty plea within the time frame dictated by section 77-13-6 deprives the trial court and appellate courts of jurisdiction to review the validity of the plea.").

[6] 2014 UT 33, ¶ 18.

[7] *Id*. ¶ 14 (describing how an information was typically filed with the circuit court under the old system); *see State v. Humphrey*, 823

(continued)

effective July 1, 1996, however, and as a result the initial filing of an information now always takes place in the district court, an act which imbues the district court with jurisdiction over the case.[8]

¶8      Here, the district court obtained jurisdiction over the case when the State filed a criminal information against Mr. Young in January 2011. Although the district court should have either held a preliminary hearing or accepted a waiver of Mr. Young's right to a preliminary hearing prior to entering the plea (in accordance with the Utah Rules of Criminal Procedure), it failed to do so.[9] Regardless, "by pleading guilty, [Mr. Young] is deemed to have admitted all of the essential elements of the crime charged and thereby waive[d] all nonjurisdictional defects, including alleged pre-plea constitutional violations."[10] And as set forth above, a district court's failure to conduct a preliminary hearing, obtain a waiver of the right to a preliminary hearing, or issue a bindover order is a nonjurisdictional defect.

## Conclusion

¶9      Because the district court had subject matter jurisdiction to accept Mr. Young's guilty plea, we reject his jurisdictional challenge and affirm the trial court's entry of the plea and sentence.

---

P.2d 464, 465 n.2 (Utah 1991) ("[T]he district court does not acquire jurisdiction until after a bindover order issues and the information and all other records are transferred to the district court."); *State v. Schreuder*, 712 P.2d 264, 268 (Utah 1985) (noting that "while the statute [governing proceedings before magistrates] implies that magistrates will ordinarily sit in courts other than the district court, it does not contain any jurisdictional limitations" and "circuit court judges do not have exclusive jurisdiction to conduct preliminary examinations").

[8] *Smith*, 2014 UT 33, ¶ 17.

[9] UTAH R. CRIM. P. 7(h)(1) ("If a defendant is charged with a felony or a class A misdemeanor, the defendant shall be advised of the right to a preliminary examination. If the defendant waives the right to a preliminary examination, and the prosecuting attorney consents, the magistrate shall order the defendant bound over to answer in the district court.").

[10] *State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (internal quotation marks omitted).