*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2015 UT 54**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

TERRY BLACK,
*Appellant.*

No. 20130758
Filed July 17, 2015

Third District, West Jordan Dep't
The Honorable Royal I. Hansen
No. 121400754

Attorneys:
Sean D. Reyes, Att'y Gen., Ryan D. Tenney, Asst. Att'y Gen.,
Salt Lake City, for appellee

Joan C. Watt, McCaye Christianson, Patrick W. Corum,
Jason M. Poppleton, Wojciech S. Nitecki,
Salt Lake City, for appellant

JUSTICE DURHAM authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PARRISH, and JUDGE ORME joined.

Due to his retirement, JUSTICE NEHRING does not participate
herein; COURT OF APPEALS JUDGE GREGORY K. ORME sat.

JUSTICE DENO G. HIMONAS became a member of the Court on
February 13, 2015, after oral argument in this matter, and
accordingly did not participate.

JUSTICE DURHAM, opinion of the Court:

## INTRODUCTION

¶1    This case presents two questions: (1) whether a district court judge created an appearance of bias requiring his disqualification from the case and (2) whether a district court judge may act as both a magistrate and a judge in the same criminal case. The first question

became moot when the judge was transferred to a different court docket, causing this case to be reassigned during the pendency of this appeal. We therefore do not resolve it. As to the second question, we hold that a district court judge retains the authority to act as a judge after sitting as a magistrate in a case.

## BACKGROUND

¶2   The State charged Terry Black with aggravated murder, child kidnapping, and rape of a child. The case was assigned to Judge Kouris.

¶3   Judge Kouris scheduled a preliminary hearing for a date more than six months away in order to give the State time to produce requested discovery. Mr. Black later filed a motion to continue the preliminary hearing in order to obtain additional discovery. The court denied this request.

¶4   Mr. Black filed a renewed motion to continue the preliminary hearing seventeen days prior to its scheduled date. Defense counsel then filed a petition to evaluate Mr. Black's competency to stand trial three days later. In response, the State requested a hearing to determine the sufficiency of Mr. Black's competency petition.

¶5   At the hearing to determine the sufficiency of the competency petition, the district court asked some pointed questions about why defense counsel had waited until two weeks before the preliminary hearing to raise the issue of competency. Defense counsel maintained they had initial concerns about Mr. Black's competency to stand trial but these concerns became more pronounced as the preliminary hearing approached. Ultimately, the court granted defense counsel's request for a competency evaluation and stayed all other proceedings. Judge Kouris was scheduled to preside over Mr. Black's competency evaluation.

¶6   After this hearing, Mr. Black filed a motion to transfer adjudication of the competency petition to another judge. He argued that his competency evaluation must be adjudicated by a different district court judge because Judge Kouris had sat as magistrate in the case. The presiding judge of the Third District Court denied Mr. Black's motion to transfer. He concluded that Judge Kouris, as a district court judge, was authorized to hear and adjudicate all proceedings of a criminal case.

¶7   Mr. Black then filed a motion to disqualify Judge Kouris. In that motion, Mr. Black alleged that statements made by the judge during the hearing to determine the sufficiency of the competency petition created an appearance of bias. The associate presiding judge

of the Third District Court concluded that the judge's tone and comments during the hearing did not approach the level necessary for disqualification and denied Mr. Black's motion.

¶8 This court granted Mr. Black's petition for interlocutory review of the orders denying these two motions.

## ANALYSIS

### I. THE DISQUALIFICATION ISSUE IS MOOT

¶9 Mr. Black argues that the associate presiding judge of the Third District Court erred when he declined to disqualify Judge Kouris. After oral argument was held in this appeal, however, the State notified this court that Judge Kouris had been transferred from the court location in which Mr. Black is being prosecuted and was reassigned to a different docket. The State asserts that because a new judge will be assigned to Mr. Black's case, the disqualification issue is moot. We agree.

¶10 Courts generally will not resolve an issue that becomes moot. *Utah Transit Auth. v. Local 382 of the Amalgamated Transit Union*, 2012 UT 75, ¶¶ 14, 32, 289 P.3d 582; *Navajo Nation v. State* (*In re Adoption of L.O.*), 2012 UT 23, ¶ 8, 282 P.3d 977. An issue becomes moot "if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Utah Transit Auth.*, 2012 UT 75, ¶ 14 (internal quotation marks omitted).

¶11 In this case, Judge Kouris's reassignment to a different court docket eliminates the controversy over his disqualification since he will no longer preside over Mr. Black's criminal case. The disqualification issue is moot because the relief Mr. Black requests—the disqualification of Judge Kouris from his case—is now meaningless and will have no effect on future proceedings. *See id.* ¶ 24. ("The defining feature of a moot controversy is the lack of capacity for the court to order a remedy that will have a meaningful impact on the practical positions of the parties.").

¶12 Mr. Black contends that we should nevertheless resolve this issue because it falls within a recognized exception to the mootness doctrine. A court may resolve a moot issue if it "(1) presents an issue that affects the public interest, (2) is likely to recur, and (3) because of the brief time that any one litigant is affected, evades review." *Id.* ¶ 32. This exception does not apply here because the third element

has not been met.[1] Mr. Black has not produced any evidence that district court judges are transferred with such frequency that a claim that a judge should be disqualified effectively evades review by regularly becoming moot before an appellate court has an opportunity to rule on the issue. *See id.* ¶ 37 ("The types of issues likely to evade review are those that are inherently short in duration so that by the time the issue is appealed, a court is no longer in a position to provide a remedy." (internal quotation marks omitted)).

¶13 Because the disqualification issue has become moot and the exception to the mootness doctrine does not apply, we do not address it.

## II. A DISTRICT COURT JUDGE MAY ACT AS BOTH A MAGISTRATE AND A JUDGE WITHIN THE SAME CASE

¶14 Within the Utah state court system, a magistrate is a justice, judge, or commissioner who performs one of several functions described by statute. UTAH CODE §§ 77-1-3(4), 78A-2-220. One of the enumerated functions of a judicial official acting as a magistrate is to "conduct a preliminary examination to determine probable cause." *Id.* § 78A-2-220(1)(f).

¶15 Mr. Black contends that by presiding over proceedings leading up to his preliminary hearing, the district court judge stepped into the role of a magistrate. Mr. Black further argues that in doing so, the judge irretrievably surrendered the authority inherent to his position as a district court judge and that he could no longer perform duties reserved for the district court, such as adjudicating a competency petition. *See id.* § 77-15-5(1)(b) ("The district court . . . shall review the allegations of incompetency . . . .").

¶16 Both the State and Mr. Black agree that this issue was not mooted by Judge Kouris's transfer because the question remains whether a replacement district court judge may act as both magistrate and judge in this case when it is remanded. We therefore review the presiding judge's ruling that a district court judge may resolve a competency petition after acting as a magistrate in a case. We review this ruling de novo, ceding no deference to the lower court's legal conclusions regarding the authority of a district court judge. *Cf. State v. Norris*, 2007 UT 6, ¶ 10, 152 P.3d 293 ("Whether the district court has jurisdiction is a question of law that we review for correctness, giving no deference to the lower court.").

---

[1] Because it is unnecessary to the resolution of this issue, we draw no conclusions about the first or second elements.

¶17 Mr. Black bases his argument that the district court judge was locked in his role as a magistrate on language taken from *Van Dam v. Morris*, 571 P.2d 1325 (Utah 1977) and *State v. Humphrey*, 823 P.2d 464 (Utah 1991). In *Van Dam*, we held that "[w]hen a judge acts in the capacity of a magistrate, he does not do so as a judge, but rather as one who derives his powers" from the statutes defining the authority of a magistrate. 571 P.2d at 1327. We later affirmed this holding in *Humphrey* when we stated that

> our statutory provisions make an unmistakable distinction between the functions and powers of a judicial officer acting as magistrate and one acting as judge of a court. . . . [Judicial officials] when sitting as magistrates hav[e] the jurisdiction and powers conferred by law upon magistrates and not those that pertain to their respective judicial offices.

823 P.2d at 467 (third alteration in original) (internal quotation marks omitted).

¶18 *Van Dam* and *Humphrey*, however, do nothing to advance Mr. Black's argument. In those cases we held that a judge sitting as a magistrate performs a unique statutory function that is separate from his or her judicial office. We did not say that a judge who sits as a magistrate may no longer act as a judge in subsequent proceedings in the case.

¶19 In fact, we have recognized that a judge may switch between a magistrate role and a judicial role in the same case. In *State v. Jaeger* we observed that the judge in that case "took off his judicial hat and put on his magistrate's hat to conduct the preliminary hearing," and then "removed that hat and put his judicial hat back on just prior to entering his judgment of dismissal and discharge." 886 P.2d 53, 54 n.2 (Utah 1994). We later affirmed this language from *Jaeger* and held that the fact that a district court judge may switch between the roles of a magistrate and a judge "does not mean that the district court loses jurisdiction when it moves between these different capacities." *State v. Smith*, 2014 UT 33, ¶ 24, 344 P.3d 573.

¶20 Accordingly, we uphold the presiding judge's conclusion that a district court judge may act as both a magistrate and a judge in the same criminal case. We remand for further proceedings consistent with this opinion.

———————————